## FRANK JONES, Petitioner, v. STATE OF TENNESSEE, Respondent.

### 457 S.W.2d 869.

Court of Criminal Appeals of Tennessee. March 16, 1970.

Certiorari Denied by Supreme Court Aug. 3, 1970.

Hugh W. Stanton, Jr., Memphis, for petitioner.

George F. McCanless, Atty. Gen., Paul E. Jennings, Asst. Atty. Gen., Nashville, Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

The question presented in this post-conviction proceeding is whether the state is required to furnish the petitioner a transcript of his original trial and of a subsequent habeas corpus proceeding when he has alleged no constitutional violation, has specified no trial errors but desires the records only to explore the possibility of filing another petition.

Jones styles his petition one for a bill of particulars. By it he says that in November, 1963, he was sentenced to 99 years' imprisonment for first degree murder. He asks a transcript of that proceeding, a copy of the transcript of his habeas corpus proceeding in November, 1966, and copies of all records to aid him "to perfect a decent appeal by writ of habeas corpus." His appointed counsel, in his brief, says that the petitioner apparently wishes to use the requested records in filing another habeas corpus petition and to aid him in appeal-

ing in the event of an adverse decision. The record before us shows that the trial judge's dismissal of the 1966 habeas corpus petition was affirmed by the Tennessee Supreme Court.

The trial court dismissed this petition by granting the State's motion to strike which said that a federal suit brought by petitioner contesting the validity of his conviction was pending on certiorari in the United States Supreme Court, and that the present petition alleged no facts showing the denial of state or federal constitutional rights or some fatal jurisdictional defect.

We will first consider whether or not an indigent petitioner is entitled to demand a transcript of his trial proceedings merely to enable him to comb the record in the hope of discovering some flaw for post-conviction proceedings.

■ ■ We recognize that an indigent defendant has a constitutional and statutory right to a free transcript for use in an appeal from his conviction when that is needed, and that he has a like right to a free transcript in order to prosecute a claim for post-conviction relief where that is essential in order for him to demonstrate his right to such relief. Elliott v. State, Tenn., 435 S.W.2d 812; Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601.

The federal courts have not held that the state must furnish a transcript under the circumstances described here. In Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), the United States Supreme Court declined to pass on this question. It held:

"* * * To pass on this contention at this time would necessitate our decision whether there are circumstances in which the Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief. This is a question of first impression which need not be reached at this state of the case."

This petitioner has had one habeas corpus petition reviewed by our Supreme Court and has another pending in the federal courts. He did not appeal his original conviction.

In considering whether an indigent defendant is entitled to a transcript of his original trial when he did not appeal, in State v. Keeble, 427 S.W.2d 404 (1968), the Supreme Court of Missouri commented:

"* * * Absent a rule requiring unconditionally that the transcript be furnished on request under such circumstances (and no such rule has been adopted by this court up to this time), defendant is not entitled to such a transcript simply to permit a fishing expedition to determine if any kind of error can be found. The federal courts have not held that the state must furnish such a transcript under the circumstances described."

 Since we do not think a petitioner is entitled to a transcript under the circumstances here, we do not find it necessary to consider the fact that there were no official court reporters at the time of petitioner's conviction. Under Chapter 74 of the Public Acts of 1953 (T.C.A. Sec. 40-2010-2013, now repealed), the trial judge in his discretion could appoint a court reporter

when the defendant was indigent and the district attorney general insisted on capital punishment. Unless the defendant prayed an appeal, the trial judge would not order the testimony transcribed in those cases where reporters were appointed under these provisions.

■ Likewise, we do not think the petitioner is entitled to a copy of the transcript of his habeas corpus proceeding to aid him in filing another one. He has no constitutional or statutory right to it. Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, and Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, clearly establish that where a state provides for a system of post-conviction review, a free transcript must be furnished an indigent defendant. This is not involved here.

■ When an indigent alleges no deprivation of constitutional rights, we hold that no requirement exists for the State to furnish transcripts to him for the purpose of exploring possible avenues of relief. The requirement is that transcripts be furnished so that indigent defendants may receive the same review on an appeal as that received by a person of financial means. The right is not involved in the case before us, nor is his right to certified documents or parts of the record under T.C.A. § 40-3813 in aid of a petition alleging violations of constitutional rights.

The judgment of the lower court dismissing the petition is affirmed.

This case was heard and submitted to the court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the court.

GALBREATH, J., concurs.

OLIVER, Judge (dissenting).

I most respectfully dissent.

Frank Jones, the petitioner below, indigent and represented by an assistant Public Defender of Shelby County appointed by the court, an inmate of the State Penitentiary where he is serving a 99-year first degree murder sentence adjudged in the Shelby County Criminal Court, appeals to this Court from the judgment of that court dismissing his "Petition for a Bill of Particulars" in which he requested a copy of the transcript of his original trial in November 1963, and a transcript of his habeas corpus hearing in November 1966, and copies of all records that would aid him "to perfect a decent appeal by writ of habeas corpus."

The trial court dismissed this petition by granting the State's motion to strike which stated that a suit brought by the petitioner in the Federal Court contesting the validity of his original conviction was then pending on certiorari in the United States Supreme Court, and that this petition alleged no facts showing denial of a State or Federal constitutional right or any fatal jurisdictional defect.

This petition was not filed as one for the writ of habeas corpus, or for post-conviction relief under the Post-Conviction Procedure Act (T.C.A. §§ 40-3801—40-3824), the State's view of the case to the contrary notwithstanding. Instead, as reasonably and plausibly pointed out by the petitioner's counsel in his brief and argument before this Court, the petitioner apparently wishes to use the requested records in filing another

habeas corpus petition and to aid him in appealing in the event of an adverse decision.

In my view, this Court has no jurisdiction in this case. It is important to bear in mind that by this petition the petitioner does not attack or raise any question concerning the validity of his original conviction and sentence. The purpose of the Post-Conviction Procedure Act is to grant relief to a prisoner in custody under sentence of a court of this State (T.C.A. § 40-3802) when the conviction or sentence is constitutionally void or voidable. (T.C.A. § 40-3805.)

The jurisdiction of this Court is established and limited by Section 8, Chapter 226 of the Public Acts of 1967, codified as T.C.A. § 16-448, as follows:

*"Jurisdiction.*—The jurisdiction of the Court of Criminal Appeals shall be appellate only and shall extend to all criminal cases, both felony and misdemeanor. The court shall likewise have jurisdiction over all cases arising under any post-conviction procedure act, involving or attacking the validity of a final conviction or judgment in a criminal case.

"Provided further, the court shall not have or take jurisdiction of any case, wherein the sole and single question for determination involves the constitutionality of a statute or municipal ordinance."

Manifestly, inasmuch as the instant petition does not seek appellate review of a criminal conviction, and does not involve an attack upon the validity of a final conviction or judgment in a criminal case, but, instead, only seeks copies of the transcripts of his original trial and a

former habeas corpus proceeding, it is beyond the competence of this Court because it raises no question of which we may take cognizance.

In my opinion, the question raised by this petition addresses itself to the Supreme Court of this State, and this case should be transferred thereto by appropriate order of this Court. (T.C.A. § 16-450.)