**STATE of Tennessee, Appellee,**

v.

**Wendell Gene WATTS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 22, 1984.

Permission to Appeal on Motion for Return of Transcript Denied by Supreme Court April 30, 1984.

Wendell Gene Watts, pro se.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, for appellee.

OPINION

SCOTT, Judge.

Wendell Gene Watts was convicted of aggravated rape and sentenced to ninety-nine years in the state penitentiary. His conviction was affirmed by this Court. *State v. Wendell Gene Watts*, 649 S.W.2d 4, Tennessee Criminal Appeals, opinion filed at Nashville, October 6, 1982. Permission to appeal was denied by the Supreme Court on January 31, 1983. Mr. Watts has now filed a "Motion for the Return of the Petitioner-Watts' Lawful Transcript in the Above Caption (sic) Cause".

In his motion, the movant contends that his parents paid $458.00 for the preparation of the transcript of the evidence. He contends that having purchased it, the transcript is now his, and that "regardless of the reasons for this Court holding the transcript, *it* is his and *it* should be returned to him". (emphasis in original) He contends that he is in dire need of his transcript in order to present a petition for post-conviction relief.

The motion presents a novel approach by a prisoner seeking a copy of the transcript of the evidence. This Court has repeatedly held that a prisoner has no statutory or constitutional right to have the state furnish transcripts for him to utilize for the purpose of a fishing expedition to explore possible avenues of post-conviction or habeas corpus relief. *Jones v. State*, 3 Tenn.Cr.App. 76, 457 S.W.2d 869, 870–871 (1970). There is no authority for forcing the state to furnish at its expense a complete record for the potential post-conviction relief petitioner "to pore over in hopeful efforts to find some constitutional defect of which he has not enough inkling to allege in a petition". *Dotson v. State*, 477 S.W.2d 763, 764 (Tenn.Cr.App.1971). There is no requirement that the state furnish a complete record of a petitioner's trial until and unless he demonstrates to the satisfaction of the trial court, after filing his post-conviction petition, that the record or requested portions of it will be of reasonable assistance to him in establishing his right

to the relief sought. *McCracken v. State*, 529 S.W.2d 724, 728 (Tenn.Cr.App.1975). The refusal to provide transcripts to indigent inmates for fishing expeditions does not deny them adequate, effective and meaningful access to the courts. *Avant v. State*, 577 S.W.2d 471, 473 (Tenn.Cr.App. 1978).

However, all of these cases are distinguishable from this case in that the appellants in those cases were indigent and were seeking to have the state provide copies of the transcripts to them at state expense. In this case the appellant contends that the transcript belongs to him and that he is entitled to withdraw it from the archives of this Court as a matter of right. We have found no case directly in point in this or any other jurisdiction.

Court reporters are appointed by the judges of the courts of this state exercising criminal jurisdiction. TCA §§ 40–14–302 and 40–14–301(1). At the request of any party who has agreed to pay the fee therefor, the designated court reporter shall transcribe from the original records such parts of the proceeding as are requested. TCA § 40–14–309. The reporter may charge and collect fees for transcripts at rates prescribed by the Executive Secretary of the Tennessee Supreme Court. TCA § 40–14–312.

The Tennessee Rules of Appellate Procedure set forth the contents of the record on appeal. Included is the transcript or statement of the evidence. Rule 24(a)(3), T.R.A.P. The appellant is required to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired" in the trial court with respect to the issues on appeal. Rule 24(b), T.R.A.P. The transcript, properly certified, is filed with the clerk of the trial court within the prescribed time. *Id.* The transcript is then approved by the trial judge within specified time limits. Rule 24(f), T.R.A.P. No party or court is empowered to add or subtract from the record except insofar as may be necessary to convey a fair, accurate and complete account of what transpired in the trial court. Rule 24(g), T.R.A.P. Upon the filing of the transcript, the clerk of the trial court completes the entire record on appeal. Rule 25(a), T.R.A.P. The clerk then forwards the record to the clerk of the appellate court, Rule 25(b), T.R.A.P., who then files the record. Rule 26(a), T.R.A.P.

When the transcript reaches the clerk of the trial or appellate court, it then becomes a record of that court and is no longer subject to the control of the parties or their counsel. *Carswell v. Talley*, 192 N.C. 37, 133 S.E. 181, 183 (1925). Thus, once filed, the transcript may not properly be withdrawn without leave of the court in which it is filed. 4A C.J.S. (Appeal and Error) § 1095, p. 1103.

Our rules provide that once filed with the clerk of the appellate court the record can be "checked out" by any party "for the purpose of preparing appellate papers". Rule 25(c), T.R.A.P. However, the clerk is required to carefully keep records concerning the requests for records and the times of their return. *Id.*

Further, this Court, when requested, frequently returns records to the clerks of the trial courts for use in post-conviction relief proceedings there pending. However, prompt return to the clerks of this court is always required.

The Clerks of the Supreme Court (who are also the Clerks of this Court, TCA § 16–5–109) are the three officers charged with the responsibility of maintaining all of the records of this Court. TCA § 18–3–102(1). The clerks are authorized and empowered to make only such disposition of transcripts of old records in criminal and civil cases as the courts they serve may direct. TCA § 18–3–104. In fact, the clerks are forbidden to destroy any transcript of any record, docket, book or any paper which the courts shall consider as having value to either the litigants or the general public. TCA § 18–3–106(a). The courts also have a duty to preserve all papers and documents which may be of value to the litigants or the public or which

may have historic value. TCA § 18–3–106(b).

█ Payment to the court reporter for the preparation of the transcript of the evidence is a fee payable to that reporter for his or her services in preparing the record for filing in this Court. The payment to the court reporter is not a purchase of the document itself. Rather, it is a payment for the preparation of a document which will become part of the record of that case and a public record of this Court, a permanent part of the files and records of this Court. Additional copies of the transcript can be and frequently are provided to the parties by the court reporter at the time the transcript of the evidence is prepared for filing in this Court. Such additional copies purchased by litigants are, of course, their own personal property. However, litigants have no proprietary interests in the records filed in this Court. The preparation of the transcript by the court reporter is analogous to the preparation of pleadings by an attorney. A party pays his counsel for the preparation of pleadings to be filed in the trial or appellate courts. The payment is for the professional service and the parties never acquire any ownership interest in the papers themselves, which, once filed, become part of the public records of the court in which they are filed. To hold otherwise would be to create havoc in the courts of this state and leave the courts with only partial records, should parties choose to withdraw their documents from the court records.

█ The transcript of the evidence when it is filed with the clerk of the trial court becomes a record of that court and when transmitted to the Clerk of this Court becomes a record of this Court, the property of the State of Tennessee. Therefore, the motion for return of the transcript is denied.

DAUGHTREY and CORNELIUS, JJ., concur.

### ORDER

The appellant had filed his motion for the return of the transcript in the above-style cause. For the reasons set forth in an opinion filed herewith, the motion is denied.