THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT McNEAL, JR., Defendant-Appellant.

First District (1st Division)  No. 1—85—2558

Opinion filed March 13, 1989.

Steven Clark and Richard F. Faust, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry and Stephen M. Sutera, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Petitioner, Robert McNeal Jr., appeals the circuit court's dismissal of his post-conviction petition, contending that: (1) he was entitled to a hearing and the appointment of counsel on his post-conviction petition pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1); (2) section 122—2.1 contradicts Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)), and thus violates the doctrine of separation of powers; (3) due process requires the appointment of counsel to indigent post-conviction petitioners; (4) section 122—2.1 is violative of the due process and equal protection guarantees because counsel is provided as a matter of right for indigents who take direct appeals from convictions; (5) because section

122—8 of the Act is unconstitutional, the dismissal of his petition must be vacated and the cause remanded for further proceedings before the trial judge; (6) he was entitled to a hearing on his petition because the court failed to dismiss it within 30 days of filing; (7) due process and equal protection require that indigent petitioners be provided free transcripts prior to a final adjudication on the merits; and (8) he should be allowed to file an amended petition. Defendant's contention that he is entitled to a hearing by virtue of the trial court's failure to dismiss the petition within 30 days is meritorious, and hence, we reverse the decision of the trial court.

Several of defendant's challenges to the constitutionality of section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) were recently addressed by the Illinois Supreme Court in *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, in which the supreme court upheld the constitutionality of section 122—2.1. Specifically, the supreme court held that the statute did not conflict with Supreme Court Rule 651(c) and that it does not deny indigent defendants due process or equal protection. 122 Ill. 2d 64, 521 N.E.2d 1158; *People v. Bostic* (1988), 173 Ill. App. 3d 428, 430.

In the present appeal, defendant challenges the constitutionality of the Act on the additional basis that it fails to provide an indigent defendant with a free transcript of this trial prior to final adjudication. He claims that a petitioner needs a transcript in order to identify and frame the errors he seeks to raise in his post-conviction petition and to locate the facts to support his position.

■ Section 122—4 of the Act provides that if a petition is not dismissed pursuant to section 122—2.1, the court may order that a transcript of the proceedings be given to an indigent petitioner. (Ill. Rev. Stat. 1985, ch. 38, par. 122—4.) This is the same section that authorizes the appointment of counsel to represent an indigent petitioner. Since the legislature appears to have considered the two requests to be analogous, and the supreme court has held that is not a violation of petitioner's constitutional rights to provide him with counsel only after his petition has met the threshold requirements of section 122—2.1, it follows that the petitioner must meet this threshold requirement before he is provided with a transcript. (*People v. Jones* (1988), 168 Ill. App. 3d 925, 933, 522 N.E. 2d 1325.) Consequently, defendant was not entitled to a transcript to aid in the preparation of his petition.

■ We do find merit, however, in defendant's position that he is entitled to a hearing on his post-conviction petition because the trial court failed to dismiss it within 30 days of filing. Section 122—2.1(a)

of the Post-Conviction Hearing Act authorizes summary dismissals of frivolous or meritless post-conviction petitions and provides that "[w]ithin 30 days after the filing and docketing of each petition, the court *shall* examine such petition and enter an order thereon pursuant to this Section." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) Section 122—2.1(b) provides that if the petition is not dismissed pursuant to this section, it shall be docketed for further consideration in accordance with sections 122—4 through 122—6. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(b).) The supreme court's decision in *Porter* clearly indicates that this requirement is mandatory rather than discretionary and that a trial court's noncompliance with the Act renders a dismissal void. *People v. Porter* (1988), 122 Ill. 2d 64, 86, 521 N.E.2d 1158.

In the present case, the petitioner filed his *pro se* post-conviction petition on April 24, 1985, but the trial court did not enter a written order dismissing the petition until July 18, 1985, well past the specified 30-day period. Consequently, the petition could no longer be dismissed pursuant to section 122—2.1, and the court was required to proceed in accordance with sections 122—4 through 122—6. 122 Ill. 2d 64, 521 N.E.2d 1158.

Finally, defendant contends that since section 122—8 of the Act, which provided that a different judge hear a post-conviction petition than had presided at trial, has been declared to be unconstitutional by the supreme court (see *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501), the cause must be remanded to the original trial judge for hearing. Section 122—8 was found to be unconstitutional because it violated the doctrine of separation of powers by legislatively impinging upon the circuit court chief judge's authority to assign cases, not because it violated the petitioners' right to have their petitions heard by the original trial judges. (*People v. Garvin* (1987), 152 Ill. App. 3d 438, 446, 504 N.E.2d 979.) Thus, defendant does not possess a right to have his petition heard by the original trial judge on remand.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded to the circuit court. On remand, the circuit court is directed to order the defendant's petition docketed for further consideration in accordance with sections 122—4 through 122—6 of the Post-Conviction Hearing Act.

Judgment reversed and remanded, with directions.

BUCKLEY and O'CONNOR, JJ., concur.