Filed 4/28/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

      1998 ND 89      

Gregory Alan Gibson,                      Applicant and Appellant

       v.                                                        

State of North Dakota,                    Respondent and Appellee

Civil No. 970386

Appeal from the District Court for Cass County, East Central Judicial District, the Honorable Ralph R. Erickson, Judge.

DISMISSED.

Opinion of the Court by Neumann, Justice.

Gregory Alan Gibson, pro se, P.O. Box 5521, Bismarck, ND 58506-5521.

Allen Kipp Albright (no appearance), Assistant State's Attorney, P.O. Box 2806, Fargo, ND 58108-2806, for respondent and appellee.

Gibson v. State

Civil No. 970386

NEUMANN, Justice.

[¶1] Gregory Alan Gibson appealed from an order denying his request for court transcripts to prepare an application for post-

conviction relief.  We hold the court's denial of the request for transcripts is a nonappealable interlocutory order, and we dismiss the appeal.

[¶2] In March 1997, Gibson pled guilty to charges of attempted gross sexual imposition and was sentenced to a term of incarceration at the state penitentiary.  On September 26, 1997 Gibson filed a motion requesting court transcripts to prepare an application for post-conviction relief, but without specifying why the transcripts would be necessary for preparing the application.  
See
 
Jurgevich v. District Court
, 907 P.2d 565, 568 (Colo. 1995) (applicant for post-conviction relief is not entitled to free transcript absent showing of legal and factual basis for it).  

[¶3] On December 2, 1997 the district court entered an order denying Gibson's motion, stating, in part, "[t]he only relief sought by Mr. Gibson is 'a copy of any and all transcripts in his current file'. . . .  No explanation is ever offered as to how these transcripts are important to any legal proceeding."  A judgment "denying the Application for Post Conviction Relief for the reasons cited in the December 1, 1997 order" was entered by the court on December 16, 1997.  Gibson appealed.  

[¶4] On December 19, 1997, subsequent to entry of the court's order and judgment, Gibson filed a "Motion to Supplement Complaint," requesting permission to supplement his application for post-conviction relief, and stating he had "several other motions pending to obtain specific items needed to properly convey and prosecute [the] Application for Postconviction."  Accompanying the motion, Gibson filed a "Brief in Support of Petitioner's Application For Post-Conviction Relief," raising several grounds for withdrawing his guilty plea.  There is no court order in the record disposing of Gibson's motion to supplement the complaint or addressing the issues raised in Gibson's brief accompanying that motion.  

[¶5] The district court's December 2, 1997 order and accompanying judgment only resolved Gibson's request for court transcripts.  The court has not addressed or resolved any other issue or request for post-conviction relief by Gibson.  A court's ruling on a request for transcripts and other court records is interlocutory and nonappealable.  
State v. Peterson
, 334 N.W.2d 483, 484 (N.D. 1983).

[¶6] We, therefore, dismiss Gibson's appeal.

[¶7] William A. Neumann

Mary Muehlen Maring

Herbert L. Meschke

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.