1998 ND 106

**Earl Leon OWENS, Petitioner and Appellant,**

**v.**

**STATE of North Dakota, Respondent and Appellee.**

**Civil Nos. 970193, 970241.**

Supreme Court of North Dakota.

May 20, 1998.

Earl L. Owens, Bismarck, pro se.

Bruce A. Romanick, Assistant State's Attorney, Bismarck, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Earl Leon Owens appeals from two orders denying his applications for post-conviction relief. We conclude the trial court did not err in denying Owens' numerous applications and other connected motions, and we affirm.

I

[¶ 2] On April 10, 1996, Owens was convicted of two class C felony counts of theft by deception, two class C felony counts of attempted theft by deception, and one class A misdemeanor count of giving false information to law enforcement officers. He was sentenced to serve a 17–year sentence at the State Penitentiary. Owens did not file a direct appeal from the conviction.

[¶ 3] During April and May 1996, Owens filed various pro se motions with the court seeking relief from his conviction and sentence. In July 1996, Owens, acting pro se, filed his first formal application for post-conviction relief. Owens claimed he was denied his right to call witnesses on his behalf to impeach prosecution witnesses, who "gave false information to the Court and the prosecutor." Owens also asserted it would be in the interests of justice to grant the application because he was "now able to recall with clarity the facts and circumstances of this case and will be able to assist in his own defense." In a letter, the trial court informed Owens it had appointed an attorney for purposes of post-conviction relief proceedings. The court said:

> "Once again, my review of the files shows that you did not serve on the State's Attorney the motions that you have recently filed.
>
> "This letter will also serve as the Court's Order summarily denying all the pro-se motions that you have filed since the entry of the Judgments in the above cases.
>
> "Confer and cooperate with your court appointed attorney."

[¶ 4] In January 1997, Owens, through his post-conviction attorney, filed an "amended application for post-conviction relief" under N.D.C.C. Chapter 29–32.1, alleging ineffective assistance of counsel at his trial. Owens claimed the attorney appointed to represent him at his trial did not spend adequate time preparing for trial, did not give proper notice of potential alibi witnesses as required by N.D.R.Crim.P. 12.1, which prevented him from using an alibi defense, and did not subpoena witnesses Owens requested be called for his defense. Owens also asked the court to authorize preparation of a transcript of his jury trial.

[¶ 5] The State argued Owens received effective assistance of counsel and requested summary disposition of the application under N.D.R.C. 3.2. The State also requested an additional 20 days to file an affidavit of Owens' trial counsel because that attorney had been hospitalized and was unable to provide an affidavit. The trial court did not sign the order granting the State's request for an additional 20 days to file the affidavit until January 23, 1997, one month after the request was made.

[¶ 6] On March 13, 1997, Owens, through his post-conviction attorney, moved for summary disposition of his application for post-conviction relief. Owens argued his application should be granted because his trial attorney had not supplied an affidavit, and 78 days had passed since the State had sought the extension to file that affidavit. In its response, the State sought dismissal of the application, claiming it had not been able to obtain trial counsel's affidavit and Owens had failed to show the result of his criminal trial would have been different even assuming the truthfulness of his allegations. The State also requested and notified Owens of an April 7, 1997 hearing date for the application.

[¶ 7] Eventually the State was able to obtain an affidavit from Owens' trial attorney, and moved on March 31, 1997, to withdraw its request for a hearing and asked the court to accept the affidavit in lieu of testimony and proceed under N.D.R.C. 3.2 as requested by Owens. A copy of the motion was served on Owens' post-conviction counsel. On April 4, 1997, the court agreed to rule on the application under Rule 3.2 "as requested by both parties."

[¶ 8] The trial court denied Owens' application for postconviction relief, ruling he had failed to support his claim of ineffective assistance of counsel. The court held Owens had not shown his trial attorney's performance was defective, that Owens' defense was prejudiced by the alleged defective performance, or that the outcome of his trial would have been different.

[¶ 9] Owens, acting pro se, appealed to this Court. Before the appeal could be heard, Owens requested the appeal be held in abeyance so he could present to the trial court additional issues his attorney failed to present. We "temporarily remanded to the trial court for the limited purpose of the trial court's consideration of further motions which may be made in this case."

[¶ 10] Further motions were made. On July 1, 1997, Owens, acting pro se, filed another "amended application for postconviction relief." Owens again claimed ineffective assistance of counsel, but this time set forth no less than 20 different pretrial and trial incidents which allegedly showed his trial attorney's performance was defective. Owens sought a new trial and again asked the court to authorize preparation of the trial transcript. Owens also filed separate motions with the court seeking the trial transcript and requesting a "disposition hearing."

[¶ 11] The State opposed the most recent application, arguing the "application, although longer than his previous filings, essentially alleges the same issue of ineffective assistance of counsel." The State asserted Owens' claims were fully and finally determined in the previous post-conviction proceeding and, to the extent they were not, Owens inexcusably failed to present them in the previous application. The State also asserted the claims were, in any event, without substance and did not entitle Owens to any relief.

[¶ 12] The trial court denied the application, reasoning its prior May 1997 decision and order were "still applicable. Petitioner's claims are still meritless." The court did not address Owens' requests for a "disposition hearing" and for preparation of the trial transcript. Owens, acting pro se, appealed.

## II

[¶ 13] Under N.D.C.C. § 29–32.1–09(1), a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The procedure is akin to summary judgment under N.D.R.Civ.P. 56, and our review of a summary denial of post-conviction relief is like the review of an appeal from a summary judgment. *See Hoffarth v. State,* 515 N.W.2d 146, 148 (N.D. 1994). The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *See DeCoteau v. State,* 504 N.W.2d 552, 556 (N.D.1993). However, once the moving party has initially shown there is no genuine issue of material fact, the burden shifts to the opposing party to demonstrate there is a genuine issue of material fact. *See Kummer v. City of Fargo,* 516 N.W.2d 294, 296–297 (N.D.1994). The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. *See Mertz v. State,* 535 N.W.2d 834, 836 (N.D.1995).

### A

[¶ 14] Owens asserts the trial court erred in failing to hold an evidentiary hearing after having granted the State's request for one. We disagree.

[¶ 15] This argument relates to Owens' first amended application for post-conviction relief filed in January 1997 through his post-conviction attorney. The problem with Owens' argument is he did not request an evidentiary hearing regarding the first amended application, but instead requested summary disposition granting his application under N.D.C.C. § 29–32.1–09 because his trial attorney had not yet provided an affidavit. Although the State requested an evidentiary hearing and notified Owens of its date, after

it received Owens' trial attorney's affidavit the State withdrew its request for a hearing and asked to have the matter decided without a hearing. The trial court agreed to rule on the application under N.D.R.C. 3.2 "as requested by both parties."

[¶ 16] These circumstances parallel those in *Huber v. Oliver County*, 529 N.W.2d 179 (N.D.1995). In *Huber*, the appellants claimed they were entitled to rely on the appellee's N.D.R.C. 3.2 request for oral argument to guarantee them an opportunity to be heard on their own and the appellee's motions. In rejecting this argument, we noted not only had the appellee failed to properly complete its initial request for oral argument and the appellants explicitly waived oral argument, but "[p]arties seeking oral argument under Rule 3.2 should make their own request, if they wish to be heard." *Huber*, 529 N.W.2d at 183.

[¶ 17] The same rationale applies here. Owens did not request an evidentiary hearing on his first amended application. Instead, he specifically requested summary disposition in his favor. The State scheduled and notified Owens of a hearing date, but later withdrew the request, and served a copy of its withdrawal on Owens' post-conviction counsel. As in *Huber*, 529 N.W.2d at 183, Owens' "reliance upon that initial request by another party is misplaced, at best." We conclude the trial court did not err in failing to hold an evidentiary hearing on the first amended application when the parties, to the court's knowledge, had agreed no evidentiary hearing was necessary.

### B

[¶ 18] Owens asserts the trial court abused its discretion in allowing the State more than the 20 days originally granted to present his trial attorney's affidavit. According to Owens, after expiration of the 20 days, the trial court should have granted him the equivalent of a default judgment on his application for post-conviction relief. Owens also asserts by the time his trial attorney's affidavit was filed on April 3, 1997, the trial court had lost jurisdiction over his case. We disagree.

[¶ 19] Owens' trial attorney's affidavit was not filed with the court until long after the 20-day extension had expired, and the reason for the delay is unclear from the record. Nevertheless, the imposition of an appropriate sanction for failing to comply with a court order is within the broad discretion of the trial court and we will not interfere with that discretion unless the trial court acted in an arbitrary, unreasonable, or unconscionable manner. *See Gohner v. Zundel*, 411 N.W.2d 75, 79–80 (N.D.1987).

[¶ 20] We cannot say the trial court abused its discretion in refusing Owens' request to essentially grant a default judgment in his favor for the State's failure to procure his trial attorney's affidavit within the 20-day extension granted by the court. We have often said decisions on the merits are favored over decisions by default. *See, e.g., State by Workers Compensation Bureau v. Kostka Food Service*, 516 N.W.2d 278, 280 (N.D. 1994). While the trial court could have imposed some type of sanction for the State's delay, the court certainly was not required to acquiesce in Owens' request to grant his application for post-conviction relief.

[¶ 21] We are also unpersuaded by Owens' argument the trial court somehow lost jurisdiction of this matter after the 20-day extension had passed. Just as a mere misapplication of a statute or rule does not deprive a trial court of jurisdiction, *see, e.g., First Western Bank & Trust v. Wickman*, 527 N.W.2d 278, 280 (N.D.1995); *Northwestern Nat'l Life Ins. v. Delzer*, 425 N.W.2d 365, 367–368 (N.D.1988), the trial court here was not divested of jurisdiction after expiration of the 20 days it had granted the State to file trial counsel's affidavit. We conclude the trial court did not lose jurisdiction under these circumstances.

[¶ 22] We conclude the State's failure to file Owens' trial attorney's affidavit within the 20-day extension did not require that Owens prevail on his application for post-conviction relief by default, nor did it result in the trial court losing jurisdiction over the case.

C

**[¶ 23]** Owens asserts the trial court erred in refusing to allow him to file a pro se application for post-conviction relief. This argument apparently relates to the trial court's summary denial of his first application for post-conviction relief and the court's suggestion to Owens that he "[c]onfer and cooperate with your court appointed attorney."

**[¶ 24]** A criminal defendant has a sixth amendment right to self-representation when the defendant knowingly and intelligently elects to act pro se. *Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). Although post-conviction relief proceedings are civil in nature, *see State v. Wilson*, 466 N.W.2d 101, 103 (N.D.1991), the court has discretion to appoint counsel for applicants. *See Hopfauf v. State*, 1998 ND 30, ¶ 3, 575 N.W.2d 646 (court need not appoint counsel if application does not raise possibility of a substantial issue of law or fact); *State v. Fulks*, 1997 ND 143, ¶ 12, 566 N.W.2d 418 (same); N.D.C.C. § 29-32.1-05. The right of an indigent to have counsel appointed does not translate into a right to have counsel of one's own choosing, and a trial court has no duty to appoint specific counsel or to continually seek new counsel for capricious and difficult applicants. *See State v. DuPaul*, 527 N.W.2d 238, 243 (N.D.1995). While the United States Supreme Court has not recognized a constitutional right to self-representation in civil cases, many courts have ruled a litigant in a civil case cannot be coerced into accepting appointed counsel rather than proceeding pro se. *See Matter of Adoption of J.S.P.L.*, 532 N.W.2d 653, 659 (N.D.1995), and cases collected therein. These authorities support the proposition Owens had the right to represent himself in this post-conviction proceeding if he knowingly and intelligently elected to do so.

**[¶ 25]** In *J.S.P.L.*, 532 N.W.2d at 659, we recognized the "obvious problem" arising when persons entitled to court-appointed counsel "attempt to manipulate the system by asserting and retracting their mutually exclusive rights to counsel and self-representation in order to delay or disrupt the proceedings." Since then, we have on several occasions dealt with the delicate interplay between these mutually exclusive rights. *See, e.g., State v. Harmon*, 1997 ND 233, 575 N.W.2d 635; *State v. Hart*, 1997 ND 188, 569 N.W.2d 451; *State v. Foster*, 1997 ND 8, 560 N.W.2d 194. Once a person elects to proceed pro se, it is discretionary for a trial court to allow revocation of the waiver of counsel during the proceedings. *See Harmon* at ¶ 34.

**[¶ 26]** The record in this case does not reflect why the trial court appointed counsel for Owens in this post-conviction proceeding. The record contains no request for counsel from Owens in connection with his initial pro se application filed in July 1996. Nevertheless, the trial court had the discretionary authority, if not the duty, to appoint counsel for Owens if upon examination of his pro se petition for post-conviction relief the court believed a substantial issue of law or fact might exist. *See Woehlhoff v. State*, 531 N.W.2d 566, 569 (N.D.1995). Here, except for an assertion that Owens was denied the right to call witnesses on his behalf to impeach prosecution witnesses, Owens' initial pro se application contained bald assertions of various constitutional rights violations. Although the trial court summarily denied the original application and other motions made by Owens, it did not treat the original application as having any res judicata effect. *See* N.D.C.C. § 29-32.1-12 (allowing for denial of application on grounds of res judicata and misuse of process). The court essentially treated the prior application and other motions as having never been filed. The record does not disclose ongoing disharmony or dissatisfaction on the part of Owens and his post-conviction attorney while the first amended application was under consideration by the court. Any disharmony that did occur between the two appears to have happened after dismissal of the first amended application.

**[¶ 27]** A trial court must be careful to recognize an applicant's right to proceed pro se in a post-conviction relief proceeding if the applicant knowingly and intelligently elects to do so. But we see nothing in the

record that indicates Owens made a knowing and intelligent election to proceed pro se. The trial court's suggestion that Owens "[c]onfer and cooperate" with his postconviction attorney, under these circumstances, cannot be viewed as a denial of Owens' right to self-representation in these post-conviction proceedings. At most, the post-conviction attorney could be viewed as appointed standby counsel, which the trial court had the authority to appoint notwithstanding Owens' objections. *See Hart,* 1997 ND 188, ¶¶ 7–9, 569 N.W.2d 451; *see also McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

[¶ 28] We conclude the trial court did not err in summarily dismissing Owens' first pro se application for post-conviction relief, appointing an attorney to represent him, and suggesting Owens cooperate with that attorney. These actions did not amount to a refusal on the part of the trial court to allow Owens to file pro se motions or applications for post-conviction relief.

**D**

[¶ 29] Owens makes numerous arguments relating to his major assertion that his trial counsel provided ineffective assistance at his criminal trial.

[¶ 30] In *Mertz,* 535 N.W.2d at 836, we described the heavy and demanding burden a criminal defendant must meet to prove counsel's assistance was ineffective:

"The burden is two-fold: he must prove (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that he was prejudiced by counsel's deficient performance.... The prejudice element requires that the defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.... The defendant must point out with specificity or particularity how and where trial counsel was incompetent and the probable different result."

[Internal citations omitted].

**1**

[¶ 31] Owens asserts the trial court erred in refusing his requests for preparation of a trial transcript he claims was necessary to show his trial attorney's assistance was ineffective. Under the circumstances, we disagree.

[¶ 32] Where, as here, there is no direct appeal from a criminal conviction, indigent applicants for post-conviction relief may find themselves in a dilemma when trying to prove issues like ineffective assistance of counsel. In these circumstances, indigent applicants for post-conviction relief have no absolute constitutional right to a free transcript of their criminal trial. Rather, an indigent applicant has the constitutional right to a free trial transcript only in those instances where he shows denial of the request will deprive him of an " 'adequate opportunity to present [his] claims fairly....' " *United States v. MacCollom,* 426 U.S. 317, 324, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) (quoting *Ross v. Moffitt,* 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)). The dilemma is noted in 2 Mushlin, *Rights of Prisoners* § 11.07, at p. 57 (2d ed.1993):

"[W]hen a hearing has not yet been ordered, courts have been hesitant to supply a transcript out of concern that the transcript will be used purely for a fishing expedition. Therefore, they have required more than mere speculation about the benefits of a transcript but, instead, have insisted on a particularized need for the transcript. This approach, however, suffers from the problem identified above: the practical problem that a prisoner may need a copy of the transcript in order to show a particularized need for a copy of the transcript."

[Footnotes omitted].

[¶ 33] Courts have nevertheless ruled a trial court does not abuse its discretion in refusing an indigent applicant's request for a trial transcript unless the inmate shows a particularized need, necessity or justification for its preparation and use. *See, e.g., Jurgevich v. District Court,* 907 P.2d 565, 567, 568 (Colo.1995); *Shelby v. McDaniel,* 266 Ga. 215, 465 S.E.2d 433, 434 (1996); *People v. McNeal,* 180 Ill.App.3d 988, 129 Ill.Dec. 754, 536 N.E.2d 804, 805 (1989); *State v. Griffen,* 241 Kan. 68, 734 P.2d 1089,

1092 (1987); *State ex rel. Bernard v. Crim. Dist. Court*, 653 So.2d 1174, 1175 (La.1995); *McCoy v. Warden, Maryland Penitentiary*, 1 Md.App. 108, 227 A.2d 375, 382 (1967); *Jones v. State*, 3 Tenn.Crim.App. 76, 457 S.W.2d 869, 870 (1970). *Compare Smith v. State*, 236 N.W.2d 632, 634 (N.D.1975) (if petitioner alleges "adequate basis" for writ of habeas corpus, petitioner would be entitled to full transcript only if "he had failed in a good-faith effort to obtain any existing copy of the transcript and had failed in a good-faith attempt to prove his right to a writ by a substitute record, such as an agreed statement of fact or a summary by the court"). Merely because a transcript might be of benefit to an indigent applicant does not mean the applicant is constitutionally entitled to one. *Jurgevich*, 907 P.2d at 568; *Gibson v. State*, 1998 ND 89, ¶ 2, 578 N.W.2d 128.

[¶ 34] The prejudice element of an ineffective assistance of counsel claim requires the defendant establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. The first amended application for post-conviction relief filed through the post-conviction attorney does not contain any allegation that the result of Owens' criminal trial would have been different absent his trial attorney's alleged errors. Even Owens' pro se second amended application alleges only that the trial attorney's failure to call an unidentified witness "could have drawn a different verdict at trial."

[¶ 35] Although Owens claims an affidavit filed with his second amended application shows the outcome of trial could have been different, we disagree. Owens presented the affidavit of Dee Williams, who lived with Earl and Ann Owens for a four-month period and babysat for them. Williams basically accused Ann Owens of stealing merchandise from her place of employment and allowing others to return stolen merchandise to the store. Williams also alleged Ann Owens "has wrongly accused Earl Owens, of many things and that she has a double standard and or split personality." Williams claimed she is "aware of several individuals that could be of some assistance in this matter that were at the Owens residence on a regular basis."

[¶ 36] These conclusory, unspecific allegations are insufficient to raise a material issue of fact supporting a reasonable probability that the result of Owens' criminal trial would have been different absent his trial attorney's allegedly defective assistance. *See generally Hopfauf* at ¶ 8; *Hoffarth*, 515 N.W.2d at 150. Owens did not make a particularized showing that the trial transcript would have been beneficial to assist in establishing his ineffective assistance of counsel claim.

[¶ 37] We conclude the trial court did not abuse its discretion in refusing to grant Owens' request for a transcript of his criminal trial.

2

[¶ 38] Owens asserts the trial court abused its discretion in denying his requests for a "disposition hearing." Owens claims he submitted a document refuting his trial attorney's affidavit, so the court should have held a hearing. Owens also contends he should have been allowed to cross-examine his trial attorney concerning the contents of his affidavit.

[¶ 39] Owens claims his trial attorney attempted to deceive the court in many statements made in his affidavit relating to his contacts with Owens and the trial proceedings. For instance, Owens claims, contrary to the trial attorney's affidavit, that no preliminary hearing was held. Owens also presented an affidavit from the jail administrator at the Burleigh County Detention Center stating no listing of jail visits between Owens and his trial attorney exists.

[¶ 40] We are hampered in addressing this and other issues in the case because the existing record in Owens' underlying criminal proceedings was not made a part of the record in Owens' post-conviction proceedings. We recognize post-conviction relief proceedings are civil in nature and are not filed as part of the underlying criminal case. N.D.C.C. § 29–32.1–04(2) requires the applicant to attach the record of the criminal proceedings or parts of it to the application or state why it is not attached only "[i]f the cited record is not in the files of the court." The existing record in the underlying criminal case is usually essential to deciding appli-

cations for post-conviction relief, and pro se applicants as well as attorneys may be unsure whether the record is in the court's files. We suggest clerks of court devise a method so the underlying record in the criminal proceeding automatically becomes part of the record in a post-conviction relief action challenging those criminal proceedings. Here, however, the existing record of Owens' criminal proceedings is unnecessary to resolve his argument about the lack of a disposition hearing.

[¶ 41] Owens' allegations relate to his claim that his trial attorney was ineffective, and we have often stated our preference for the use of evidentiary hearings in post-conviction relief proceedings alleging ineffective assistance of counsel. *See, e.g., State v. Bender,* 1998 ND 72, ¶ 21, 576 N.W.2d 210; *Wilson,* 466 N.W.2d at 103. However, ineffective assistance of counsel was the subject of Owens' first amended application for post-conviction relief which was denied by the court without the benefit of an evidentiary hearing because of the parties' apparent agreement to the use of the N.D.R.C. 3.2 procedure. Under N.D.C.C. § 29–32.1–12(1), denial of an application for post-conviction relief is allowed if "the same claim or claims were fully and finally determined in a previous proceeding." Applicants are not entitled to avoid the res judicata rule against repetitious post-conviction relief by raising contentions in a subsequent application which are "simply variations" of previous arguments. *State v. Johnson,* 1997 ND 235, ¶ 13, 571 N.W.2d 372; *Woehlhoff,* 531 N.W.2d at 567.

[¶ 42] The State in this case raised res judicata and misuse of process as affirmative defenses, and the trial court summarily dismissed the second amended application on that basis. Because Owens' arguments are variations of his previously rejected claim of ineffective assistance of counsel, we conclude the trial court did not abuse its discretion in refusing to grant him an evidentiary hearing.

3

[¶ 43] Owens asserts the trial court failed to make explicit findings of fact and conclusions of law relating to each issue he raised as required by N.D.C.C. § 29–32.1–11(1). The trial court's two-page memorandum opinion and order denying the first amended application addresses various facets of Owens' ineffective assistance of counsel claim and concludes the allegations are insufficient to sustain the application. We conclude the memorandum opinion complies with N.D.C.C. § 29–32.1–11(1).

## III

[¶ 44] Owens asserts the trial court in his criminal trial erroneously allowed Ann Owens to testify in violation of the N.D.R.Ev. 504 husband-wife privilege. Owens also claims prejudicial error occurred during trial by the court's allowance of testimony about his prior convictions in violation of N.D.R.Ev. 404. He also asserts his rights were violated by the prosecutor's request for discovery.

[¶ 45] The conditions upon which post-conviction relief may be granted are described in N.D.C.C. § 29–32.1–01:

"1. A person who has been convicted of and sentenced for a crime may institute a proceeding applying for relief under this chapter upon the ground that:

"a. The conviction was obtained or the sentence was imposed in violation of the laws or the Constitution of the United States or of the laws or Constitution of North Dakota;

"b. The conviction was obtained under a statute that is in violation of the Constitution of the United States or the Constitution of North Dakota, or that the conduct for which the applicant was prosecuted is constitutionally protected;

"c. The court that rendered the judgment of conviction and sentence was without jurisdiction over the person of the applicant or the subject matter;

"d. The sentence is not authorized by law;

"e. Evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice;

"f. A significant change in substantive or procedural law has occurred which,

in the interest of justice, should be applied retrospectively;

"g. The sentence has expired, probation or parole or conditional release was unlawfully revoked, or the applicant is otherwise unlawfully in custody or restrained; or

"h. The conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error available before July 1, 1985, under any common law, statutory or other writ, motion, proceeding, or remedy.

"2. A proceeding under this chapter is not a substitute for and does not affect any remedy incident to the prosecution in the trial court or direct review of the judgment of conviction or sentence in an appellate court. . . ."

[¶ 46] In *State v. Willey*, 381 N.W.2d 183, 186 (N.D.1986), this Court, construing former N.D.C.C. §§ 29–32–01 and 29–32–08, which are substantially similar to current N.D.C.C. §§ 29–32.1–01 and 29–32.1–12, held a failure to take a direct appeal bars relief in a post-conviction action as to factual and legal contentions that the post-conviction applicant raised and litigated at the time of the original trial court proceedings and which he deliberately or inexcusably failed to pursue on direct appeal. The applicant in *Willey* tried to claim in a post-conviction relief proceeding that the use of his Utah confession in a juvenile court transfer hearing violated N.D.C.C. §§ 27–20–26 and 27–20–27, thus rendering the subsequent criminal judgment void for lack of jurisdiction. However, this Court held the issue was not the proper subject for post-conviction relief because the applicant had not established any justification for failing to appeal from the criminal judgment. *Willey*, 381 N.W.2d at 187.

[¶ 47] In *DeCoteau*, 504 N.W.2d at 556, we distinguished *Willey* and held, because N.D.C.C. § 29–32.1–01 specifically allows post-conviction relief for an illegal sentence, an applicant would be entitled to relief if his sentence did not comply with a promise in a plea bargain, even though the applicant failed to take a direct appeal from his conviction and sentence. Read together, *Willey* and *DeCoteau* stand for the proposition that

issues which could have been raised in a direct appeal from a criminal conviction, but were not because no direct appeal was taken, can be raised in a post-conviction relief proceeding only if they relate to a condition delineated in N.D.C.C. § 29–32.1–01 under which post-conviction relief may be granted.

[¶ 48] Owens' arguments relate to trial court evidentiary rulings and pretrial procedure which certainly could have been raised, if properly preserved, in a direct appeal from the criminal conviction. The allegations do not fall within the ambit of a conviction obtained in violation of "the laws or Constitution of North Dakota," or within any of the other conditions delineated in N.D.C.C. § 29–32.1–01(1) under which post-conviction relief can be granted. *See, e.g., Heartfelt v. State*, 125 Idaho 424, 871 P.2d 841, 846 (Ct. App.1994) (denial of opportunity to review presentence report was issue which, if properly preserved, could have been raised on direct appeal, but was not appropriate issue for post-conviction relief proceeding). Because post-conviction relief is not a substitute for direct appeal, and because the allegations do not fall within a condition delineated in N.D.C.C. § 29–32.1–01, we conclude the trial court correctly denied Owens' second amended application for post-conviction relief.

IV

[¶ 49] Owens asserts the trial court in the criminal proceedings should have treated a letter he wrote to the court as a notice of direct appeal from his conviction. Owens further asserts he was denied effective assistance of counsel when his post-conviction attorney presented the first amended application for post-conviction relief.

[¶ 50] These issues were not raised in Owens' pro se second amended application for post-conviction relief. It is well settled an issue not raised in the trial court cannot be raised for the first time on appeal. *See Murchison v. State*, 1998 ND 96, ¶ 15, 578 N.W.2d 514. We decline to address those issues.

[¶ 51] We conclude the trial court properly denied Owens' applications for post-conviction relief. The orders are affirmed.

[¶ 52] VANDE WALLE, C.J., and SAND-STROM, MESCHKE and MARING, JJ., concur.