IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 20, 2004

**JERRY W. DICKERSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Johnson County**
**No. 4262     Robert E. Cupp, Judge**

**No. E2003-02854-CCA-R3-PC**
**June 1, 2004**

Petitioner, Jerry W. Dickerson, appeals from the trial court's dismissal of his pro se petition for writ of habeas corpus. Petitioner alleges that his conviction and sentence are void because the trial record was improperly authenticated and contained inaccuracies. Following a review of the record in this matter, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Jerry W. Dickerson, Mountain City, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Braden Boucek, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was convicted of first-degree murder and especially aggravated robbery. He was sentenced to life imprisonment for the first-degree murder conviction with a concurrent fifteen-year sentence for the especially aggravated robbery conviction. Petitioner's convictions were upheld on appeal. *State v. Dickerson*, 885 S.W.2d 90 (Tenn. Crim. App. 1993). Petitioner's trial was presided over by then Judge Randall E. Nichols. Judge Richard Baumgardner, sitting by designation, approved the trial's transcript and authenticated the exhibits pursuant to Tennessee Rule of Appellate Procedure 24(f).

Petitioner contends that Judge Nichols' failure to approve the record and exhibits renders the conviction void. Petitioner argues that because the record was improperly approved and authenticated, he is entitled to a new trial. Moreover, Petitioner argues that the record contains inaccuracies and the exhibits do not reflect the evidence introduced at trial. As a result, Petitioner contends that the trial court erred in dismissing his petition for writ of habeas corpus.

Habeas corpus relief is available in Tennessee only if it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant, or that the defendant's sentence of imprisonment has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). If a petitioner's allegation of an illegal conviction is dependent upon the introduction of extrinsic evidence, then the conviction is by definition merely voidable, "and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." *State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). If the petition fails to state a cognizable claim, the trial court may summarily dismiss the petition. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Petitioner argues that the trial record contained inaccuracies and could not be relied upon in an appeal or other post-trial proceeding. Petitioner asks this Court to remand his case for an evidentiary hearing at which time an accurate transcript may be presented. Petitioner does not suggest in what manner the transcript and record are incorrect or inaccurate. Instead, as pointed out by the trial court, he appears to be seeking a second chance to challenge the weight and credibility of the evidence presented at trial. This Court has previously held that a defendant has no statutory or constitutional right to have the state furnish a transcript "for the purpose of a fishing expedition to explore possible avenues of post-conviction or habeas corpus relief." *State v. Watts*, 670 S.W.2d 246, 247 (Tenn. Crim. App. 1984) (quoting *Jones v. State*, 3 Tenn. Crim. App. 76, 457 S.W.2d 869, 870-71 (1970)). The proof of any inaccuracies in the technical record would by necessity depend upon the introduction of extrinsic evidence, a factor which renders Petitioner's judgment voidable at best. *See Ritchie*, 20 S.W.3d at 633. Petitioner is not entitled to habeas corpus relief on this issue.

Petitioner argues that his judgment of conviction is void because the technical record was improperly approved. The trial judge is charged with the responsibility of approving the transcript or statement of the evidence upon the conclusion of the trial within specified time limits. Tenn. R. App. P. 24(f). In the event the trial judge is unable to perform this duty, a judge of the court in which the case was tried shall perform the trial judge's duties, including the approval of the record. *Id. See also* Tenn. R. Crim. P. 25(b) (If the trial judge is unable to perform his duties after a verdict of guilty, another judge, whether assigned or regularly sitting, may perform those duties). At the time of Petitioner's trial, Judge Nichols and Judge Baumgartner were both criminal court judges in Knox County. Even assuming the presence of any irregularities in the assignment of Judge Baumgartner to Petitioner's case, Petitioner has failed to establish that the trial court was without jurisdiction or authority to sentence him or that his sentence has expired. Petitioner is not entitled to habeas corpus relief on this issue.

## CONCLUSION

After a review of the record, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-2-