**STATE of Tennessee, Appellant**

v.

**Billy PEAK, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 3, 1991.

No Permission to Appeal Applied for to the Supreme Court.

Charles W. Burson, Atty. Gen., C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen., Athens, and Jon Chalmers Thompson, Asst. Dist. Atty. Gen., Madisonville, for appellant.

James Harvey Stutts, Asst. Dist. Public Defender, Sweetwater, for appellee.

## OPINION

SCOTT, Judge.

The defendant was convicted of aggravated sexual battery and sexual battery. Following his sentencing, the state filed its notice of appeal on the issue of the sentence. The Assistant District Attorney General requested that the full record be prepared at state expense. At a hearing on July 30, 1990, the trial judge refused to direct the court reporter to prepare the full transcript on motion of the Assistant District Attorney General, noting that it is the state Attorney General who is responsible for cases on appeal and the trial judge did not feel that the entire transcript was necessary.

The matter apparently was in limbo until October 31, 1990, when the state designated the portions of the record it wanted prepared and requested the transcripts of the trial proceedings and all sentencing hearings. On November 14, 1990, the defendant's counsel filed a motion to dismiss the appeal because the transcript had not been filed and no request for an extension of time for filing had been timely filed with the trial court clerk. On November 19, 1990, a hearing was held on the motion and the following day the trial judge entered an order striking the notice of appeal and dismissing the appeal because the state failed "to timely and lawfully perfect the same."

From that order the state has now appealed, contending that the trial court exceeded its jurisdiction by dismissing the appeal. The state further contends that the trial judge erred by requiring the state to submit a designation of the record and by dismissing the appeal to punish the state for its noncompliance. The defendant, through his counsel, has conceded that the state is correct in its position. Counsel for the appellee eloquently stated his position as follows:

> The defendant finds himself in the unusual position of being the appellee in this instance, and while adversarial zeal tempts some sort of argument in reply to support the actions of the trial Court, calm reflection and the realization that the defendant most often is the appellant dictate agreement with the position of the State in this cause.

> It would obviously be in the best interest of the defendant for the State's appeal to be dismissed, and that may well be the ultimate disposition when this Court has the opportunity to consider the merits of the appeal. But no defense counsel can responsibly seek to establish the power of a trial court to dictate the merits and issues of an appeal, for to establish that it may be done with the state is to concede it may be done with the defense.

The jurisdiction of this Court attaches upon the filing of the notice of appeal. Rules 3(e) and 4(a), Tenn.R.App.P., *State v. Givhan,* 616 S.W.2d 612, 613 (Tenn.Crim.App.1981). Under Rule 26(b), Tenn.R.App.P., an appellee may file a motion to dismiss if the appellant fails to timely file the transcript or statement of the evidence within the time prescribed in Rules 24(b) or 24(c), Tenn.R.App.P. However, this motion must be filed in the appropriate *appellate* court not the trial court.

■ Thus, the state is correct in its position, the trial judge lacked jurisdiction to dismiss the appeal.

However, as to the record, the state is in error as to the authority of the trial judge. Rule 24(a), Tenn.R.App.P., describes the content of the "record on appeal." That section of the rule goes on to provide that if "less than the full record on appeal ... is deemed sufficient to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," the appellant shall within fifteen days after filing the notice of appeal file with the clerk of the *trial* court and serve on the appellee a description of the parts of the record to be included on appeal, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. After service, the appellee can designate additional parts of the record to be included. All of the parts of the record described or designated by the parties shall be included by the clerk of the trial court as the record on appeal.

When there is "a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence" available, the appellant shall utilize that means of preparing the transcript. Unless the entire transcript is to be included, the appellant shall designate the parts he intends to include within fifteen days of the filing of the notice of appeal and the appellee shall, within fifteen days after service, file his designation of additional parts to be included. The appellant shall then either have the additional parts prepared at his own expense or apply to the trial court for an order requiring the appellee to do so. Rule 24(b), Tenn.R.App.P. Any differences regarding the transcript shall be submitted to and settled by the trial court regardless of whether the record has been submitted to the appellate court. Rules 24(b) and (e), Tenn.R.App.P.

■ In criminal cases, the state is ordinarily the appellee and the application to the trial court for an order requiring the appellee to pay for the transcript means that the state will pay for its preparation. The Attorney General argues in this case that since the state is the appellant, he can have whatever parts of the transcript he chooses prepared at state expense without application to the trial court.

■ As this Court has previously noted, official court reporters are required to transcribe from the original records such parts of the proceeding that are requested and may charge and collect fees for transcripts at rates prescribed by the Executive Secretary of the Tennessee Supreme Court. *State v. Watts,* 670 S.W.2d 246, 248 (Tenn. Crim.App.1984), citing Tenn.Code Ann. §§ 40–14–309 and –312. This Court went on to note that court reporters are appointed by the judges of the courts of this state exercising criminal jurisdiction. *Id.,* citing Tenn.Code Ann. §§ 40–14–302 and 40–14–301(1). It is the trial judge who must approve the transcript and authenticate the exhibits. Of course, if he does not do so within thirty days after the expiration of the time for filing objections, the transcript is considered by the appellate court as though it had been approved. Rule 24(f), Tenn.R.App.P. This Court has noted that only the trial judge can direct the official court reporter to prepare the transcript for an indigent defendant. *State v. Jeremiah Johnson,* Tennessee Criminal Appeals, opinion filed at Nashville, July 2, 1986, 1986 WL 7478. This Court has also noted that under Tenn.Code Ann. § 40–14–310, the appointing judge supervises the official court reporter in the performance of duty, including dealings with the parties requesting transcripts. *State of Tennessee v. Judith "Brandy" Moore,* Tennessee Criminal Appeals, opinion filed at Jackson, August 22, 1990, 1990 WL 120714. Furthermore, this Court has chastised trial judges for not exercising more authority over the transcripts by allowing appellants to include many unnecessary portions at great expense to the taxpayers of this state. *State v. Jeremiah Johnson,* supra, *State v. Judith "Brandy" Moore,* supra.

■ Thus we hold that in criminal cases the trial judge has the authority to require the parties to designate the portions of the record that will be prepared and submitted to this Court. However, the trial judge has

no authority to dismiss an appeal as a means of settling any controversy over the designation of portions of the record. Trial judges can fashion their own remedies for settling such controversies. Dismissal of appeals is not one of the remedies available for that purpose.

The judgment dismissing the appeal is reversed and this cause is remanded to the trial court for the state to designate clearly and unequivocally the portions of the record that it wants transcribed. The state will file its designation with the trial judge within fifteen days after this opinion is released and the appellee shall within fifteen days after service of the designation file with the clerk of the trial court the designation of any additional parts to be included. Within thirty days the trial judge will settle the matter of designation of the record and direct the court reporter to prepare the portions of the record so designated. The appeal to this Court will then proceed in due course.

BYERS, P.J., and WADE, J., concur.