IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY SESSION, 1998

FILED

June 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9704-CR-00149 |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | SEVIER COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. BEN W. HOOPER, III, JUDGE |
| STEWART W. PAIT, | ) | |
| | ) | |
| Appellee/Cross-Appellant. | ) | (POST-CONVICTION) |

FOR THE APPELLEE
CROSS-APPELLANT:

STEWART W. PAIT, *pro se*
#135240, S.T.S.R.C.F., Unit 12
Route 4, Box 600
Pikeville, TN  37367

FOR THE APPELLANT
CROSS-APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

ALFRED C. SCHMUTZER, JR.
District Attorney General

STEVEN E. HAWKINS
Assistant District Attorney General
125 Court Avenue, Room 301-E
Sevierville, TN  37862

OPINION FILED _____

JUDGMENT DISMISSING PETITION FOR POST-CONVICTION RELIEF IS
AFFIRMED; ORDER GRANTING A NEW SENTENCING HEARING AND
SETTING ASIDE PRIOR JUDGMENT DISMISSING PETITION FOR POST-
CONVICTION RELIEF IS REVERSED

THOMAS T. WOODALL, JUDGE

# OPINION

The case before this Court is a consolidation of two appeals.  The first is the State's extraordinary appeal filed pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure, seeking review of the trial court's attempt to set aside its previous order denying post-conviction relief to Petitioner, Stewart W. Pait, and its attempt to grant Petitioner a new sentencing hearing.  The second is Petitioner's appeal of the trial court's original dismissal of his petition for post-conviction relief. In this appeal, the State argues that the trial court was without jurisdiction when it set aside its prior order of dismissal of Petitioner's post-conviction petition.  The State further submits that the trial court erred in its order allowing a new sentence for Petitioner.  Finally, the State argues that the trial court correctly denied Petitioner's petition for post-conviction relief in its first order.   We find that the trial court was without jurisdiction to set aside its initial judgment and that Petitioner's petition for post-conviction relief was properly dismissed.

Petitioner was convicted of solicitation to commit first degree murder in the Sevier County Circuit Court. On September 2, 1991, this Court affirmed Petitioner's conviction.  See State v. Stewart W. Pait, C.C.A. No. 03-C-01-9103-CR-00076, Sevier County (Tenn. Crim. App., Knoxville, Sept. 3, 1991).  Petitioner waived his right to file a Rule 11 application to the supreme court.

Thereafter, Petitioner filed a petition for post-conviction relief on April 25, 1994, and amended that petition on September 11, 1996.  On January 31, 1997, the trial court conducted a hearing on Petitioner's petition for post-conviction relief and considered Petitioner's numerous claims in the following three categories: ex post

facto sentencing, ineffective assistance of counsel, and prosecutorial misconduct. The trial court found from the evidence that the offense for which Petitioner was convicted occurred on November 3, 1989, and that Petitioner was lawfully sentenced in accordance with the Criminal Sentencing Reform Act of 1989. The court also found that Petitioner's sentence was properly enhanced and that the jury instructions given were proper. The trial court further found that Petitioner received the effective assistance of counsel, that there was no prosecutorial misconduct, that the trial judge sentenced Petitioner within Range I, and that there was no prejudice regarding the range of punishment notice filed by the State. The trial court then dismissed Petitioner's petition for post-conviction relief.

Petitioner timely filed his notice of appeal from the trial court's order on February 12, 1997. On February 25, 1997, Petitioner then filed a motion requesting that the trial court rule on all issues in his petition and to reconsider the sentencing issue. On April 14, 1997, some fifty-five (55) days after the order was entered dismissing the post-conviction petition, the trial court attempted to set aside its prior judgment and ordered that Petitioner was entitled to be resentenced pursuant to the rulings in State v. Pearson, 858 S.W.2d 879 (Tenn. 1993) and State v. Slate, C.C.A. No. 03C01-9511-CC-00352, Sevier County (Tenn. Crim. App., Knoxville, Oct. 18, 1996). It is from this order that the State appeals. The Petitioner's appeal of the trial court's original dismissal of his post-conviction petition, and the State's Rule 10 extraordinary appeal were consolidated for appeal.

I. Jurisdiction

On January 31, 1997, the trial court specifically found that no ex post facto problem existed since Petitioner committed his crime after November 1, 1989, and because he was convicted and sentenced after that date as well. Petitioner filed a notice of appeal on February 12, 1997. On April 14, 1997, the trial court set aside its previous order dismissing Petitioner's post-conviction petition. The trial court further ordered that Petitioner be granted a new sentencing hearing. The trial court based its decision on State v. Slate in ordering the resentencing of Defendant. However, Slate and the case before us can be distinguished. In Slate, the trial judge was ordered to resentence defendant based on our supreme court's ruling in State v. Pearson, 858 S.W.2d 879. Slate, C.C.A. No. 03C01-9511-CC-00352, slip op. at 2-3. In Slate, the defendant was convicted of his crime in 1988. The supreme court had previously ruled that when a defendant is convicted before the effective date of the 1989 Sentencing Reform Act, but sentenced after November 1, 1989, his sentence must be calculated under both the 1982 Act and the 1989 Act. Pearson, 858 S.W.2d 879, 884. The defendant must then receive the more favorable sentence. Id. The defendant in Slate was resentenced because the appellate court remanded his 1988 conviction for resentencing. C.C.A. No. 03C01-9511-CC-00352, slip op. at 1. Therefore, although he was originally convicted in 1988, he was not sentenced until after the effective date of the 1989 Act. Id.

In the instant case, Petitioner was convicted and sentenced after November 1, 1989. In fact, Petitioner committed the crime on November 3, 1989. Therefore, Petitioner does not get the benefit of dual calculations of his sentence, as only the 1989 Act applies to his case. Neither Slate nor Pearson applies to the case sub judice.

Furthermore, the trial court no longer had jurisdiction over the case and could not issue orders affecting the case. When Petitioner filed his notice of appeal on February 12, 1997, the trial court lost jurisdiction and this Court gained jurisdiction. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); State v. Peak, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991). "Once the trial court loses jurisdiction, it generally has no power to amend its judgment." Pendergrass, 937 S.W.2d at 837; State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). A judgment entered after a court loses jurisdiction is void. Pendergrass, 937 S.W.2d at 837. Moreover, the trial court lost its jurisdiction to resentence Petitioner as more than thirty days had passed since the sentence was imposed. Moore, 814 S.W.2d at 383. Based on the foregoing reasons, the trial court was without jurisdiction to act as it did.

## II. Denial of Post-Conviction Relief

Petitioner presents seven issues in arguing that the trial court erred in denying his petition for post-conviction relief. We will address the issues as they were categorized by the trial court and then address any remaining issues at the end.

### A. Ex Post Facto Sentencing

As discussed in the jurisdictional argument, there is no issue as to ex post facto sentencing in this case. The crime, the conviction, and the sentencing all occurred after November 1, 1989. Therefore, the only sentencing act that applies to the instant case is the 1989 Act. This issue is without merit.

### B. Assistance of Counsel

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper, 849 S.W.2d at 746.

In determining whether this Petitioner has satisfied these requirements, this Court must give the findings of the trial court the weight of a jury verdict, and the judgment of the trial court will not be reversed unless the evidence contained in the

record preponderates against the findings of fact made by the trial court. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

We have reviewed Petitioner's various claims and we find that Petitioner has failed to present any evidence that shows that his attorney represented him in any other manner than competently. The trial court found that his attorney "did adequately prepare and investigate the facts of the case, did pursue a motion for a change of venue which the trial court overruled when a jury was selected, that the Petitioner never told defense attorney that the tape recording introduced at trial was not him or had been tampered with, and that all matters complained of by Petitioner were adequately addressed by [his defense attorney]." We agree with the trial court's findings. Furthermore, Petitioner has failed to show that he was prejudiced in any way by trial counsel's tactics. The evidence contained in the record does not preponderate against the trial court's finding that Petitioner received the effective assistance of counsel. This issue is without merit.

C. Prosecutorial Conduct

Petitioner did not raise prosecutorial misconduct in his direct appeal, and his failure to do so constitutes a waiver of this issue. Tenn. Code Ann. § 40-30-206(g). However, even if we deem this issue as not waived, it is still without merit. The trial court found in its order dismissing the post-conviction petition that there was no prosecutorial misconduct because the trial judge sentenced Petitioner within Range I, and therefore, Petitioner could not have been affected by the erroneous Notice of Intent to Seek Enhanced Punishment. This issue is without merit.

D. Remaining Issues

Petitioner's issues regarding jury instructions, the indictment and the "Morgan" hearing (issues two, three and four) are also waived. Tenn. Code Ann. § 40-30-206(g).

Petitioner argues that the trial court erred in allowing the prosecutor to declare findings of fact and conclusions of law (issues one and seven). These are not issues for post-conviction relief since they are not an abridgment of any constitutional right. Tenn. Code Ann. § 40-30-203.

In closing, we find that the trial court was without jurisdiction in setting aside its previous order dismissing the Petitioner's post-conviction petition, and also in ordering a new sentencing hearing for Petitioner. We find that the trial court's original order dismissing Petitioner's petition for post-conviction relief was proper.

Therefore, the judgment dismissing the petition for post-conviction relief is affirmed. The order setting aside the judgment dismissing the post-conviction petition and ordering a new sentencing hearing is reversed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
WILLIAM B. ACREE, JR., Special Judge

-8-