IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2000 Session

## STATE OF TENNESSEE v. CHRISTOPHER KARVEY

**Appeal as of Right from the Criminal Court for Davidson County**
**No. 99-T-11     Seth Norman, Judge**

---

**No. M1999-02590-CCA-R3-CD - Filed November 17, 2000**

---

The defendant entered a plea of guilty to DUI, and attempted to reserve a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i). The defendant contends that the stop of his vehicle by police was illegal and that all evidence obtained as a result thereof must be suppressed. Because the defendant failed to properly reserve the certified question, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Davidson County is Affirmed; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY, J. and L. TERRY LAFFERTY, SR.J., joined.

V. Michael Fox, Nashville, Tennessee, attorney for the appellant, Christopher Karvey.

Paul G. Summers, Attorney General & Reporter, Elizabeth T. Ryan, Assistant Attorney General and Victor S. Johnson, District Attorney General, T. J. Haycox, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

## OPINION

### Factual Background

The record reflects that the defendant was stopped in Nashville by a Metro Police Officer for a traffic violation. The basis for the stop was that the defendant failed to use a turn signal while changing lanes twice and sped through a yellow light. After stopping the defendant, the officer observed that the defendant had been drinking. After submitting to a breathalyser test, the defendant was arrested for DUI.

The defendant filed a motion to suppress the evidence obtained as a result of the stop. The basis of the motion was that under State law, the defendant was not required to make a turn signal because there were no other vehicles at the intersection. See Tenn. Code Ann. §§ 55-8-140, -142, -143. The defendant argued that the Metro ordinance, which requires a turn signal for all turns, conflicts with the State statutes and is unconstitutional. He further argued that because the ordinance was unconstitutional, the stop made by the officer was unlawful. The trial court denied the motion to suppress.

The defendant later entered a plea of guilty to DUI and attempted to reserve a certified question of law for appeal as a condition of his guilty plea under Tenn. R. Crim. P. 37(b)(2)(i). The defendant undertook to reserve the question by writing it on the bottom of the plea agreement, and referring to the plea agreement in the judgment.

## Certified Question of Law

The defendant has failed to properly certify the question of law. Tenn. R. Crim. P. Rule 37(b)(2)(i) provides that an appeal lies upon a plea of guilty if the defendant entered into a plea agreement under Rule 11(e), but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case. In State v. Preston, 759 S.W.2d 647 (Tenn.1988), the Supreme Court set forth the requirements for reserving a certified question of law pursuant to this rule. Preston requires that "the final order or judgment from which the time begins to run to pursue a [Tenn. R. App. P.] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review, and the question of law must be stated so as to clearly identify the scope and limits of the legal issue." Preston, 759 S.W.2d at 650. In this case, the question that the defendant attempted to reserve is not the question he has presented on appeal. The question, as stated in the plea agreement, was as follows: "Did the arresting officer officer [sic] have probable cause to believe that a traffic violation had occurred when the defendant changed traffic lanes twice?" However, on appeal, he argues that Metro Ordinance § 12.16.110, which requires the use of turn signals before changing lanes, is unconstitutional because it conflicts with Tenn. Code Ann. §§ 55-8-142, -143, which do not require the use of turn signals unless traffic dictates otherwise.

The appeal also fails for a second reason. Preston requires that "the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case." Preston, 759 S.W.2d at 650. In this case, final order did not state that the certified question was expressly reserved as a part of the plea agreement, that the State and the trial judge consented to the reservation, and that the State and trial judge are of the opinion that the question is dispositive of the case. See id.

Although the defendant attempted to correct his oversight by incorporating a supplemental order, the attempted correction was too late. As the Supreme Court noted, "[t]he jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)(citing State v. Peak, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991)). In this case, the defendant filed his notice of appeal on October 19, 1999, and the trial court's "order to correct or modify the record" was filed on July 14, 2000. As the Court noted in Pendergrass, "The requirements of Preston are clear. The

defendant failed to satisfy those requirements. The attempt at compliance was too late, as the trial court lost jurisdiction . . . ." Pendergrass, 937 S.W.2d at 837-38.

Accordingly, this appeal is dismissed.

_____

JERRY SMITH, JUDGE