IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 3, 2009

## STATE OF TENNESSEE v. ERIC WAYNE DUNN

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR9494     George C. Sexton, Judge**

_____

**No. M2008-01846-CCA-R3-CD - Filed August 18, 2009**

_____

The Defendant-Appellant, Eric Wayne Dunn, pleaded guilty to DUI, a Class A misdemeanor, and leaving the scene of a property damage accident, a Class C misdemeanor. For the offense of DUI, he was sentenced to eleven months and twenty-nine days, which was suspended to supervised probation after he served twenty-four hours in the Dickson County Jail. For the offense of leaving the scene of an accident, he was sentenced to thirty days, which was suspended to supervised probation after he served twenty-four hours in the Dickson County Jail, and he was required to pay restitution to the victim. His sentence for the offense of leaving the scene of an accident was to be served concurrently with his DUI sentence. The Defendant-Appellant entered a conditional plea agreement and attempted to reserve certified questions of law under Tennessee Rule of Criminal Procedure 37. In an addendum to the judgment of the conviction for DUI, he set out two certified questions of law: whether he was unlawfully seized at his residence and returned to the accident scene and whether his alleged seizure would preclude admission of the breath test. Because this addendum was not entered by the clerk until after the notice of appeal was filed in this matter, we conclude that we are without jurisdiction to consider this appeal and, therefore, it is dismissed. We remand for entry of a corrected judgment in Count 2 to reflect the correct conviction offense of DUI (.08% or more) and a corrected judgment in Count 1 to reflect the dismissal of the offense of DUI.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded for
Entry of Corrected Judgments**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

H. Scott Saul, Nashville, Tennessee, for the defendant-appellant, Eric Wayne Dunn.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Kelly Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Background.** On April 5, 2007, the Defendant-Appellant was arrested for DUI and for leaving the scene of a property damage accident and was later indicted for DUI, DUI (.08% or more), and leaving the scene of a property damage accident. The State did not oppose his motion to suppress the results of the horizontal gaze nystagmus ("HGN") test, and the trial court granted this motion on July 11, 2008. The trial court held an evidentiary hearing on his motion to suppress the results of the breath alcohol test and all other evidence resulting from the alleged illegal arrests. Officer Matt Dunn and the Defendant-Appellant testified at the suppression hearing.

Officer Matt Dunn of the Dickson Police Department testified that on April 5, 2007, he was dispatched to a two vehicle accident at the intersection of Main and College. Upon his arrival, he observed that the vehicles involved were no longer present at the scene and that there was a substantial amount of debris from the accident in the intersection, including a damaged rotor and hub. After talking to witnesses at the scene, Officer Dunn determined that the truck involved in the accident was not in the immediate area, and the driver of the Chevy Cavalier, the other vehicle involved in the accident, was only a short distance away. The driver of the Chevy Cavalier told Officer Dunn that he had been making a right turn from West College onto South Main when a "large, mud covered, huge truck" ran over the top portion of his engine compartment and drove off. He also told Officer Dunn that the truck had left the scene and was currently on Reaves Street, just north of the intersection where the accident occurred. Based on the damage done to the Chevy Cavalier, Officer Dunn believed that the truck would be damaged on the left front end or on the under carriage. He located a "monster looking truck, covered in mud, with big tires on it, parked on the side of the road of an apartment residence" at 108 Reaves Street. Officer Dunn asked the Defendant-Appellant, who was beside the truck, if he had been on Main Street that night. He responded that "[h]e had been there earlier that evening, but not in the last fifteen minutes" and had been working on his truck at that location for a while. The left front tire of the truck had already been removed. Officer Dunn said that he did not have a light and could not see any major damage to the truck, so he asked the Defendant-Appellant why he was working on the front left side of the truck in the dark and cold. The officer observed that there was a new rotor and hub on the left front of his truck. Officer Dunn asked the Defendant-Appellant to go with him back to the scene of the accident. At the time of transport to the accident scene, Officer Dunn believed that the Defendant-Appellant was under the influence of alcohol because he admitted at his residence to drinking two to three beers earlier that evening. However, Officer Dunn stated that the Defendant-Appellant had not shown any signs of intoxication at the residence.

On cross-examination, Officer Dunn stated that he did not have his blue lights on when he arrived at 108 Reaves Street and could not recall whether he placed the Defendant-Appellant in handcuffs at the residence. Officer Dunn said, "I asked him to go back up to the scene with me so I could finish doing everything up there, because I still had the other parties up there and I didn't want to have to bring everybody down to his residence to finish everything." He said the Defendant-Appellant became very aggressive when he put him in the back of his patrol car]. Officer Dunn stated that he did not advise him of his Miranda rights when he placed him in the patrol car or at the accident scene. While at the scene of the accident, the Defendant-Appellant admitted that some of the car parts in the middle of the intersection were from his vehicle. He also admitted to drinking

four or five beers before the accident. Upon this admission, Officer Dunn administered the horizontal gaze nystagmus ("HGN") test, on which the Defendant-Appellant performed poorly. Officer Dunn then arrested him for driving under the influence based on the state of the accident scene, his admission that he drank four or five beers, and his poor performance on the horizontal gaze nystagmus ("HGN") test. Officer Dunn took the Defendant-Appellant to the station, where he registered a .13% on the intoximeter.

The Defendant-Appellant acknowledged that he was involved in an accident on April 5, 2007. He said that the officers "asked me some questions, they got a little rough with me, put me up against the truck." He said the officers put handcuffs on him and "told me if I didn't settle down, they [were] going to spray me with mace. They had it at my face." During cross-examination, the Defendant-Appellant admitted that he had left the scene of the accident on April 5, 2007, and that the other car involved had sustained damage in the accident. He also admitted that he had been drinking that evening and that he had submitted to a breath test, wherein he registered .13%.

The trial court granted in part and denied in part the Defendant-Appellant's motion to suppress the results of the breath alcohol test and all other evidence gathered as a result of the arrests, as stated in its July 11, 2008 written order. Following the evidentiary hearing, the trial court made specific findings as to the matter, including that "[t]he Court does not believe that Defendant was under arrest but that he was in police custody and seized when placed in the patrol car." However, in its order, the court made the finding that "[t]he Defendant was under arrest when transported to the scene of the accident but in police custody and seized when placed in the patrol car." Thus, it is unclear whether the trial court determined that the arrest of the Defendant-Appellant occurred after he had been returned to the scene of the accident or when he first was put into the patrol car. The court then concluded that "[t]he Defendant was not Mirandized when he was placed in the patrol car so any answers given by the Defendant after being placed in the patrol car should be suppressed for purposes of trial." However, the court ruled further that "[t]he Defendant was not illegally arrested and the results of the breath test are admissible at trial."

On March 17, 2008, the date of the suppression hearing, the Defendant-Appellant pleaded guilty to DUI and leaving the scene of a property damage accident. He entered a conditional plea agreement and attempted to reserve certified questions of law under Tennessee Criminal Procedure Rule 37. Three judgment forms were entered, showing guilty pleas to the offenses of DUI and leaving the scene of a property damage accident and showing that the charge of DUI (.08% or more) was dismissed. The judgment form regarding the guilty plea to the DUI also stated the following:

> The defendant has entered a conditional plea of guilty and explicitly reserves certified questions of law to the Tennessee Court of Criminal Appeals, under Rule 37(b)(2)[(A)](i). The certified questions and other requirements of T.R.Crim.P. 37 are contained in a supplemental document specifically incorporated into this judgment. This document is styled "Addendum to Judgment under T.R.Crim.P. Rule 37."

Although the judgment forms bear a date of entry of March 17, 2008, they were not filed until May 9, 2008. On April 16, 2008, the Defendant-Appellant filed a Motion to Amend Order of Judgment, arguing that the guilty pleas that he entered on March 17, 2008, reserved certified questions of law regarding the trial court's ruling on his motion to suppress the breath alcohol test and all other evidence gathered as a result of the illegal arrests. On July 14, 2008, the trial court signed an Addendum to Judgment Under Rule 37(b)(2)[(A)](i), which was not filed by the clerk until August 12, 2008. The addendum to the judgment stated in part that it was incorporated into the judgment forms entered by the trial court; that Dunn had entered a guilty plea to the offense of DUI (.08% or more), not DUI; that Dunn had entered a guilty plea to the offense of leaving the scene of a property damage accident; that he reserved two certified questions of law that were dispositive of the DUI (.08% or more) offense; and that the certified questions were reserved for review with the consent of the State and the trial court. The two certified questions of law specifically delineated in the addendum to the judgment were as follows: (1) whether the Defendant was unlawfully seized by Officer Matt Dunn at Defendant's residence and then taken back to the scene of the traffic accident in violation of T.C.A. § 40-7-103; and (2) whether a seizure of Defendant in violation of T.C.A. § 40-7-103 would preclude the admission of the breath test results later secured by Officer Matt Dunn. On August 8, 2008, the Defendant-Appellant filed his notice of appeal. As we have stated, although the addendum to the judgment containing the certified questions of law was signed by the trial court on July 14, 2008, it was not filed by the clerk until August 12, 2008.

**II. Analysis.** The briefs from the Defendant-Appellant and the State focus on answering the certified questions of law. In fact, the State concedes that the Defendant-Appellant was unlawfully seized at his residence in violation of Tennessee Code Annotated section 40-7-103. The State also concedes that the Defendant-Appellant's DUI conviction should be vacated because the evidence obtained from his seizure should have been suppressed, and the remaining evidence against him was insufficient for a jury to convict him of DUI. We disagree with the conclusion that the trial court's rulings were dispositive of the DUI charge and conclude, as well, as we will explain, this court is without jurisdiction to hear this appeal.

Initially, in our determination as to whether this case is in a proper procedural posture for consideration by this court, we note that Tennessee Rule of Criminal Procedure 37(b)(2)(A)(i) requires that the judgment or document reserving the certified question of law be filed prior to the notice of appeal, which was not done in this case. In State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the Tennessee Supreme Court considered a case nearly identical to this appeal. In Pendergrass, the defendant entered guilty pleas to several offenses, and defense counsel informed the trial court that he would be filing a Rule 37 appeal on behalf of his client. Id. at 835. The defendant's January 15, 1993 judgment forms regarding his guilty pleas failed to reference a certified question of law dispositive of the case. Id. On February 12, 1993, the defendant filed his notice of appeal. Id. On February 19, 1993, the trial court entered an order "purporting to note the appeal of a certified question of law." Id. Our supreme court concluded that since the notice of appeal had been filed, the trial court was without jurisdiction to later enter an order purporting to amend the judgment:

> As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. Tenn. R. App. P. 4(a) and (c); State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction. State v. Peak, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991); compare Spence v. Allstate Ins. Co., 883 S.W.2d 586, 596 (Tenn. 1994). Once the trial court loses jurisdiction, it generally has no power to amend its judgment. Moore, 814 S.W.2d at 382. Indeed, it is well-settled that a judgment beyond the jurisdiction of a court is void. Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955).

937 S.W.2d at 837. In Pendergrass, the Tennessee Supreme Court stated that the February 19, 1993 order failed to satisfy the requirements under State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Id. at 837-38. The court ultimately concluded, "The attempt at compliance [with the entry of the February 19, 1993 order] was too late, as the trial court lost jurisdiction on February 12, 1993, when the defendant filed the notice of appeal." Id. at 837-38; see also State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998) (concluding that an order setting out the certified question of law which was entered after the filing of the notice of appeal failed to comply with Preston and Rule 37).

Here, the facts in the Defendant-Appellant's case closely mirror those in State v. Pendergrass. Of particular importance in this case, however, is the effective date of the addendum to the judgment which stated the certified questions of law. This court has previously concluded, "[T]he effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge." State v. Stephens, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007), perm. to appeal denied (Tenn. April 14, 2008); see also State v. Vaughn, 279 S.W.3d 584, 593-94 (Tenn. Crim. App. 2008) (concluding that "the thirty-day time period at issue began on August 25, 2006, when the Defendant's judgment of conviction was filed by the trial court clerk"), no perm. to appeal filed. Although the addendum to the judgment in the Defendant-Appellant's case was signed by the trial court on July 14, 2008, it was not filed until August 12, 2008, which is its effective date of entry. Because the notice of appeal was filed August 8, 2008, four days prior to the filing of his addendum to the judgment specifically delineating the two certified questions of law, the addendum is a nullity because the trial court no longer had jurisdiction of the matter once the Defendant-Appellant filed his notice of appeal. See Pendergrass, 937 S.W.2d at 837; see also State v. Frank Randall Snowden, No. W2005-01851-CCA-R3-CD, 2006 WL 1303946, at *2 (Tenn. Crim. App., at Jackson, May 11, 2006) (stating that "the attempt to cure the defect in the judgment with a supplemental order was a nullity" because the order was filed after the notice of appeal, and the trial court no longer had jurisdiction), no perm. to appeal filed. Although the DUI judgment form generally states that the Defendant-Appellant was reserving certified questions of law in a supplemental document, it fails to particularly state the certified questions of law dispositive of this case. Furthermore, the Tennessee Supreme Court in State v. Preston stated, "[T]he final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review . . . ." Preston, 759 S.W.2d at 650. Here, the final judgment was the judgment form for the DUI, which failed to

specifically state the certified questions of law. Accordingly, the appeal is dismissed. Thus, while we already have concluded that this court is without jurisdiction to consider this matter and that it must be dismissed, we note that, contrary to the agreement of the parties, the judge's ruling is not dispositive of the DUI charge against the Defendant-Appellant. Although the trial court suppressed the statement that he had consumed "four or five beers," the court concluded that the results of the intoximeter, with the reading being a .13%, were admissible at trial. Accordingly, the trial court's ruling is not dispositive of this case because the prosecution of the Defendant-Appellant for DUI could proceed upon this proof.

In addition, we remand for entry of a corrected judgment in Count 2 to reflect the correct conviction offense of DUI (.08% or more) and a corrected judgment in Count 1 to reflect the dismissal of the offense of DUI.

### CONCLUSION

We conclude that the Addendum to Judgment Under Rule 37(b)(2)[(A)](i) did not properly reserve the certified questions of law in the Defendant-Appellant's case. Accordingly, the appeal is dismissed, and we remand for entry of a corrected judgment in Count 2 to reflect the correct conviction offense of DUI (.08% or more) and a corrected judgment in Count 1 to reflect the dismissal of the offense of DUI.

           _____
           CAMILLE R. McMULLEN, JUDGE