# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 21, 2011 Session

## STATE OF TENNESSEE v. JUSTIN GIBSON

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-CR124574     Timothy Easter, Judge**

---

**No. M2010-02361-CCA-R3-CD - Filed December 28, 2011**

---

Defendant-Appellant, Justin Gibson, pled guilty to driving under the influence with a blood alcohol level of .08 percent or more, a Class A misdemeanor. He agreed to a sentence of eleven months and twenty-nine days, all of which was suspended after seven days' incarceration. Gibson entered a conditional plea agreement and attempted to reserve a certified question of law under Tennessee Rule of Criminal Procedure 37. The certified question of law addressed whether the search of Gibson's home violated his constitutional rights and whether evidence obtained as a result should be suppressed. On appeal, he argues that the warrantless search was not justified by either consent or exigent circumstances. We conclude that we are without jurisdiction to consider the appeal because the order stating the certified question was not filed until after Gibson filed his notice of appeal. The appeal, therefore, is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Jeremy W. Parham, Nashville, Tennessee, for the Defendant-Appellant, Justin Gibson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kelly Lawrence, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

**Background.** On October 8, 2010, Gibson pled guilty to driving under the influence with a blood alcohol level of .08 percent or more. He entered a conditional plea agreement and attempted to reserve a certified question of law under Tennessee Rule of Criminal Procedure 37. The judgment form for the DUI conviction, filed on October 19, 2010,

provided, "Sentence suspended pending certified question of law." On November 1, 2010, Gibson filed a notice of appeal declaring an intent to "appeal[] the previously stated and submitted Certified Question of Law signed by the Honorable Timothy Easter on October 19, 2010." On November 18, 2010, the trial court filed an "Order for Certified Question of Law to the Court of Criminal Appeals." The order stated that the State and the trial court consented to Gibson's certified question of law and that the State and the trial court believed the question to be dispositive of the case. It also set out the previously omitted certified question:

> Whether the entry and subsequent search of Defendant's home by the Brentwood Police Department on or about July 11, 2009, violated the Defendant's rights granted pursuant to the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and whether any evidence, statements and blood tests obtained as a result of said search should be suppressed as the fruits of an unconstitutional search.

Significantly, on June 13, 2011, Gibson filed a motion with this Court for permission to file a late notice of appeal, which was denied.

As with any case appealed to this court, we must first determine whether we have jurisdiction to consider the issues presented. Under Tennessee Rule of Criminal Procedure 37(b)(2)(A), a defendant may appeal from any order or judgment on a plea of guilty or nolo contendere if the defendant reserves the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A).

In State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the Tennessee Supreme Court dismissed a case based on a failure to properly reserve the question before filing notice of appeal. In Pendergrass, the defendant entered guilty pleas to several offenses, and defense counsel informed the trial court that he would be filing a Rule 37 appeal on behalf of his client. Id. at 835. The defendant's January 15, 1993 judgment forms regarding his guilty pleas failed to reference a certified question of law dispositive of the case. Id. On February 12, 1993, the defendant filed his notice of appeal. Id. Seven days later, on February 19, 1993, the trial court entered an order "purporting to note the appeal of a certified question of law." Id. The Tennessee Supreme Court concluded that since the notice of appeal had been filed, the trial court was without jurisdiction to later enter an order purporting to amend the judgment:

> As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. Tenn. R. App. P. 4(a) and (c); State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction. State v. Peak, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991); compare Spence v. Allstate Ins. Co., 883 S.W.2d 586, 596 (Tenn. 1994). Once the trial court loses jurisdiction, it generally has no power to amend its judgment. Moore, 814 S.W.2d at 382. Indeed, it is well-settled that a judgment beyond the jurisdiction of a court is void. Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955).

937 S.W.2d at 837. In Pendergrass, the Tennessee Supreme Court stated that the February 19, 1993 order failed to satisfy the requirements under State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Id. at 837-38; see Preston, 759 S.W.2d at 650 (Tenn. 1988) (delineating the several requirements for properly reserving a certified question of law, including that "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review"). The court ultimately concluded, "The attempt at compliance [with the entry of the February 19, 1993 order] was too late, as the trial court lost jurisdiction on February 12, 1993, when the defendant filed the notice of appeal." Id. at 837-38; see also State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998) (concluding that an order setting out the certified question of law which was entered after the filing of the notice of appeal failed to comply with Preston and Rule 37).

In this case, Gibson's October 19, 2010 judgment form did not state the certified question, nor did it refer to a document stating the question. Gibson filed a notice of appeal with this court on November 1, 2010. The order reserving and stating the certified question was filed on November 18, 2010. Because the notice of appeal was filed prior to the order

stating the certified question, Gibson failed to comply with the requirements of Rule 37 and State v. Pendergrass. To the extent that the order operated to amend the October 19 judgment, it was a nullity. The trial court no longer had jurisdiction to amend the judgment once Gibson filed his notice of appeal. See Pendergrass, 937 S.W.2d at 837; see also State v. Frank Randall Snowden, No. W2005-01851-CCA-R3-CD, 2006 WL 1303946, at *2 (Tenn. Crim. App., at Jackson, May 11, 2006) (stating that "the attempt to cure the defect in the judgment with a supplemental order was a nullity" because the order was filed after the notice of appeal, and the trial court no longer had jurisdiction); State v. Ruiz, No. M2000-03221-CCA-R3-CD, 2001 WL 1246397, at *3 (Tenn. Crim. App., at Nashville, Oct. 17, 2001) ("[T]he order containing the certified questions was entered after the defendant filed his notice of appeal; therefore the trial court no longer had jurisdiction to cure the flaws in the appeal."). Accordingly, this Court is without jurisdiction to consider the question presented for our review, and the appeal is dismissed.

## CONCLUSION

We conclude that Gibson did not properly reserve his certified question of law under Rule 37(b)(2)(A). Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. JUSTIN GIBSON

### Circuit Court for Williamson County
### No. II-CR124574

### No. M2010-02361-CCA-R3-CD - Filed December 28, 2011

### ORDER

The opinion previously filed in this matter on November 22, 2011, is hereby VACATED and the opinion filed contemporaneous with this order is substituted in lieu thereof .

IT IS SO ORDERED.


**PER CURIAM**