IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

**STATE OF TENNESSEE v. TRENELL LAMAR COPELAND**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2680    Steve R. Dozier, Judge**

_____

**No. M2017-02427-CCA-R3-CD**

_____

Defendant, Trenell Lamar Copeland, appeals from his convictions of four counts of aggravated sexual battery of a child. Defendant was found guilty following a jury trial in 2010. On appeal, Defendant argues that (1) the evidence at trial was insufficient to support the convictions, (2) the trial court erred in its instructions to the jury, and (3) the trial court erred by allowing the victim's prior consistent statements to be admitted into evidence. After review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Leah R. Wilson, Nashville, Tennessee (on appeal); and Dana Nero, Nashville, Tennessee (at trial) for the appellant, Trenell Lamar Copeland.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Tammy Meade and Kristen Menke, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

Defendant's case has a long and tortuous history leading to its current status. At the conclusion of a jury trial in the Davidson County Criminal Court on September 15, 2010, the jury found Defendant guilty of four counts of aggravated sexual battery related

to four separate incidents involving the same victim. Defendant was sentenced on October 29, 2010, and the record shows judgments were entered that day. Defendant received an effective sentence of 22 years' incarceration. From the record it appears that trial counsel, who was retained by Defendant, did nothing in the case after the sentencing hearing, and there is no order allowing trial counsel to withdraw.

On August 6, 2012, Defendant's present attorney filed an untimely petition for post-conviction relief on behalf of Defendant. Despite the fact that the petition failed to allege any facts to justify tolling the one-year statute of limitations for post-conviction cases, the State did not file a motion to dismiss. Instead, an agreed order was entered on August 8, 2012, wherein the trial court ordered, "[t]hat the appeal in this case will be delayed, pending the Post[-]Conviction Motion [sic] to be filed by Counsel for Defendant [sic] and it being heard before this Honorable Court." T.C.A. § 40-30-113 allows for the granting of a delayed appeal when a post-conviction court "conducting a hearing pursuant to [the Post-Conviction Procedure Act] finds that the petitioner was denied the right to an appeal from the original conviction" due to violation of either the United States or Tennessee Constitutions.

On April 29, 2013, an amended petition for post-conviction relief was filed on behalf of Defendant by present counsel. The amended petition alleged ineffective assistance of trial counsel, including the total failure to appeal the convictions and the failure to move to withdraw as counsel. Again, nothing was alleged to justify tolling the statute of limitations. More than a year later, on July 1, 2014, present counsel filed a second amended petition for post-conviction relief. This amended petition was identical to the first amended petition except that it added one ground of ineffective assistance of counsel - that trial counsel failed to timely file a motion for new trial. For the third time, no allegations were made to justify tolling the statute of limitations.

On July 11, 2014, the post-conviction court held an evidentiary hearing on the petition for post-conviction relief, as amended. Despite the fact that the post-conviction court stated in an order that trial counsel testified at the hearing, the transcript abruptly ends in mid-sentence of comments by the prosecutor during Defendant's testimony. There is no testimony of trial counsel in the transcript. Furthermore, the transcript is replete with errors by the court reporter. Numerous misspellings occur throughout the transcript. More egregious are unintelligible words or collection of letters, i.e., "I told you when I talked to you about the /TKPWOS see, the /TKPWHROS see eyes;" "getting your bond red doesed;" "I think her last name is play mate;" "Are sail ya play mate;" "even three of your girlfriend /ORS baby mama;" "those people that testified at the /PWOBD hearing;" "I wasn't Nevada Venn thinking about going to trial, just ˆpleadˆ employed guilty;" "I just ˆpleadˆ employed guilty." As noted above, the transcript abruptly ended on page 19 with the following remarks by the prosecutors:

Q.    All right.  And the DCS worker that was on the jury, I'm going to have to say that I don't are [sic] any recollection of a DCS worker, but I do know that we asked far [sic] lot of questions about being able to be unbiased and fair

Defendant's testimony sets forth his examples of trial counsel's deficient performance and the resulting prejudice to him in the form of no motion for new trial being filed and no appeal being pursued.  However, there is no evidence of why the post-conviction statute of limitations should be tolled in his case on due process grounds.

On August 8, 2014, the post-conviction court entered an order which reflected that trial counsel, as well as Defendant, testified at the post-conviction evidentiary hearing.  After summarizing the procedural history of the case and the testimony at the evidentiary hearing, the post-conviction court ordered:

Based upon the testimony presented at the hearing, the Court finds cause to grant the petitioner [Defendant] thirty (30) days pursuant to Tenn. Code Ann. § 40-30-113 to file a motion for a new trial.  The remaining post-conviction issues will be stayed pending the findings on appeal.

*Three years later*, on August 11, 2017, present counsel finally filed a motion for new trial on behalf of Defendant.  The sole issue in the motion was a challenge to the sufficiency of the evidence to support the convictions.  On August 16, 2017, the State filed its response to the motion for new trial, alleging the motion was woefully late by over one thousand days and that it should be denied as being untimely filed.  On November 3, 2017, the trial court had a hearing on the record in which no evidence was presented, but Defendant's present counsel stated both (1) that she never received the trial court's order allowing a delayed appeal, and (2) that she "did not understand that [she] was appointed to go back and do the motion for new trial and the following appeals." Present counsel filed the motion for new trial only after Defendant's letter to the clerk brought the matter to the court's attention.

On November 14, 2017, the trial court entered an order denying the motion for new trial on the basis that it was not timely filed, and the trial court did not have jurisdiction to determine the merits of any motion for new trial.  However, the trial court added that based on present counsel's statements at the November 3, 2017 hearing, the trial court would be inclined to grant Defendant a second delayed appeal if "a motion to that end" was filed with the trial court.

On December 7, 2017, Defendant filed, *pro se,* a petition for a delayed appeal pursuant to T.C.A. § 40-30-113, in which he requested another delayed appeal. An order by the trial court granting the petition is not in the record, but present counsel, on December 8, 2017, proceeded to file a notice of appeal from the judgments of conviction entered October 29, 2010.

*Analysis*

We conclude that it is not necessary in this case to set forth, in a separate section of the opinion, a summary of all the evidence presented at trial. Evidence presented at trial will be mentioned as necessary in the disposition of the issues raised on appeal.

Defendant's present counsel never alleged facts that would justify tolling the post-conviction statute of limitations. The statute of limitations is jurisdictional. It is an element of the petitioner's right to file the post-conviction action. T.C.A. § 40-30-102(a)(b). There are statutory exceptions to the statute of limitations, *id*. at (b)(1),(2),(3), and the case law mandates tolling of the limitations period upon violations of due process in certain situations. *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) ("[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing."); *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) ("[D]ue process requires tolling of the statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence."); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) (due process required tolling of the statute of limitations where "application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided."). However, it is axiomatic that these exceptions must be supported by factual allegations. When a petitioner seeks tolling of the limitations period on the basis of due process, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001).

In addition, the post-conviction court never ruled that a statutory exception to the limitations period was applicable or that a due process violation tolled the running of the limitations period. A petitioner can waive his/her right to due process tolling by being dilatory in presenting a claim for post-conviction relief after he/she should have known of a due process violation. *See Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) ("In every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations.").

- 4 -

Also, even though Defendant filed a *pro se* pleading for another delayed appeal, supposedly pursuant to the trial court's order denying the motion for new trial filed in November 2017 on the basis it had no jurisdiction to hear it, there is no order in the record pertaining to this pleading. In fact, the day after Defendant filed his *pro se* pleading, present counsel filed a notice of appeal from the October 2010 judgments. Filing this notice of appeal removed the trial court's jurisdiction to rule on Defendant's *pro se* pleading. *See* T.R.A.P. 4; *State v. Peak*, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991) (The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction.).

From the procedural history, it appears that the post-conviction court lacked jurisdiction to grant post-conviction relief when it granted a delayed appeal after the post-conviction petition was filed long after the one-year statute of limitations had run following the final judgments entered October 29, 2010. There were no findings that the statute of limitations was tolled or a statutory exception existed.

Furthermore, even if the statute of limitations had been tolled in order to justify a delayed appeal, the only motion for new trial that was filed was late by over one thousand days and was thus denied for being untimely filed. Even though the trial court graciously left open a door for Defendant to seek a second delayed appeal pursuant to T.C.A. § 40-30-113, present counsel simply filed a notice of appeal from the judgments entered in October 2010, one day after Defendant filed a *pro se* petition for post-conviction relief for a second delayed appeal.

T.R.A.P. 4(a) requires a notice of appeal, in order to be timely filed, to be filed within thirty days of the judgment appealed from. However, in criminal cases the notice of appeal document is not jurisdictional. Timely filing of the notice of appeal may be waived in the interest of justice. T.R.A.P. 4(a).

When a motion for new trial is not timely filed, this necessarily results in a subsequently filed notice of appeal also not being timely filed. *See State v. Patterson*, 966 S.W.2d 435, 440 (Tenn. Crim. App. 1997). The only motion for new trial filed in Defendant's case had only one ground for relief, a challenge to the sufficiency of the evidence. In this case we will not try to sort out the procedural quagmire in order to determine conclusively whether a delayed appeal was properly granted in this case where an untimely petition for post-conviction relief was filed. Under all of the circumstances, we waive the timely filing of the notice of appeal in the interest of justice. However, since a motion for new trial was not timely filed, the issues regarding admission or exclusion of evidence and/or jury instructions granted or refused, and for which a new trial is requested, are waived because they were not included in a motion for new trial in

this case. T.R.A.P. 3(e). Accordingly, Defendant's issues raised for the first time on appeal, which allege error for admitting evidence of prior consistent statements by the victim and for giving certain jury instructions, are waived.

We will address the merits of Defendant's challenge to the sufficiency of the evidence to support the convictions. In determining the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007). The State is "afforded the strongest legitimate view of the evidence and all reasonable inferences" from that evidence. *Vasques*, 221 S.W.3d at 521. The appellate courts do not "reweigh or reevaluate the evidence," and questions regarding "the credibility of witnesses [and] the weight and value to be given the evidence . . . are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *see State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984).

"A crime may be established by direct evidence, circumstantial evidence, or a combination of the two." *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998); *see also State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). A victim's testimony alone is sufficient to support a defendant's conviction. *State v. Elkins*, 102 S.W.3d 578, 582-83 (Tenn. 2003) (stating that a child victim's testimony regarding sexual contact can be sufficient to support a conviction).

Defendant argues that the evidence was legally insufficient because: (1) "a lot of factors" were involved leading to the criminal charges against Defendant, such as the victim's mother being angry with Defendant; (2) multiple witnesses testified that threats against Defendant were made prior to criminal charges being made; and (3) the victim's testimony was inconsistent from her prior statements. Based upon the prior threats showing a motive for the victim's mother, presumably to assert false charges, and the inconsistent statements by the victim showing untruthful testimony, Defendant argues that reasonable doubt existed for the jury to not convict Defendant. Also, Defendant failed to make citations to the transcript as to the assertions made regarding insufficient evidence, contrary to Rule 10 of the Rules of the Court of Criminal Appeals of Tennessee, which mandates waiver of the issue.

Despite acknowledging in his appellate brief that appellate courts are not to reweigh or re-evaluate the evidence in considering a challenge to the sufficiency of

evidence to sustain the convictions, Defendant's argument urges this court to grant relief on that basis.

Nevertheless, after reviewing the evidence in the light most favorable to the State, as we are required to do, the evidence is clearly sufficient to support the convictions. As pertinent to Defendant's four convictions, aggravated sexual battery is defined as follows:

**39-13-504. Aggravated Sexual battery.**

(a)    Aggravated sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:

. . .

(4)  The victim is less than thirteen (13) years of age.

T.C.A. § 39-13-504(a)(4).

The term "sexual contact,"

includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

T.C.A. § 39-13-501(6).

The victim was ten years old when she testified at Defendant's trial in September 2010. When she celebrated her eighth birthday, her sister and two other girls spent the night with her. During the night while she was sleeping, Defendant got the victim out of bed, put her on the floor, and pulled down her pants and underwear. Defendant then rubbed the victim's bare genital area and her breast area with his hands. When Defendant finished, he put the victim back in the bed.

On a different night, when Defendant and the victim were alone in the house, the victim was sleeping alone in her mother's bed. Defendant came into the bedroom,

removed the victim's pants and underwear, and touched the victim's genital area and breasts with his hands.

On a third occasion, Defendant was alone with the victim in his car taking her to a friend's house. On the way, Defendant reached over and touched the victim's genital area, this time over the victim's clothing.

Defendant also placed his mouth on the victim's bare genital area on one occasion. Defendant was indicted for the offense of rape of a child regarding this incident, but the jury found him guilty of the lesser included offense of aggravated sexual battery.

The evidence presented by the State included the victim's testimony at the time, the recorded forensic interview of the victim which was played for the jury, and testimony by the victim's mother which included evidence corroborating the victim's testimony. Other witnesses also testified for the State.

Defendant did not testify, but did present proof from the victim's nine-year old sister, Defendant's mother, and three women with whom Defendant had prior relationships.

As stated above, we must review the evidence in the light most favorable to the State, and we are prohibited from reweighing the evidence. Despite the fact that there are inconsistencies in the evidence, including differences between the ten-year old victim's trial testimony and her prior forensic interview, the jury, as the trier of fact, resolved these in favor of the State. The jury was well within its power to disregard Defendant's proof.

Defendant is not entitled to relief in his challenge to the sufficiency of the evidence to sustain his convictions of aggravated sexual battery.

CONCLUSION

The judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE